**William F. BROWN, Jr., Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation Administration, Respondents.**

No. 85-3747.

United States Court of Appeals, Sixth Circuit.

Submitted April 29, 1986.

Decided July 17, 1986.

---

Edward T. Graham, Wheaton, Ill., for petitioner.

Raymond R. Baca, Peter J. Lynch, Office of the Chief Counsel, Washington, D.C., for respondents.

Before CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.

PER CURIAM.

Petitioner William F. Brown seeks review of an order of the National Transportation Safety Board (Board), which dismissed as untimely his appeal of an administrative law judge's (ALJ) decision suspending his private pilot's license. We agree that the appeal was untimely filed, and finding nothing unlawful in the Board's appeal procedures or their application in this case, affirm the dismissal.

**I**

On September 26, 1984, the Administrator of the Federal Aviation Administration (FAA) issued an order suspending Brown's pilot's certificate for 120 days for violation of 14 C.F.R. §§ 91.9 & 91.105(d)(1).[1] The Administrator's decision was based on an incident that took place on January 25, 1982, in which the Administrator found that Brown had departed from Gogebic County Airport in Ironwood, Michigan under improper procedures for the prevailing conditions.

Brown appealed the order of suspension to the Board. On February 2, 1985, Administrative Law Judge Joyce Capps set Brown's case for hearing on March 7, 1985 in Detroit, Michigan. Brown objected, and moved for a change of hearing site to Chicago, Illinois. Although Brown is a resident of Midland, Michigan, Brown's attorney and several of the witnesses lived in the Chicago area, as did counsel for the Administrator. On February 5, 1985, Judge Capps changed the hearing site from Detroit to Grand Rapids, Michigan. Brown also objected to this location, but his objection was overruled.

Neither Brown nor his attorney appeared at the March 7, 1985 hearing. After the Administrator presented his case, the ALJ rendered an oral decision upholding the suspension. The transcript of the decision was received by Brown on April 11, 1985, and on April 16 he filed an appeal from the ALJ's decision with the Board. On May 17, 1985, Brown filed his appeal brief.

On June 3, 1985 the Administrator moved to dismiss the appeal as untimely filed and perfected, pursuant to 49 C.F.R. §§ 821.47 & 821.48(a). On August 5, 1985, the Board dismissed Brown's appeal as untimely. Brown now appeals from that order.

**II**

The National Transportation Safety Board is empowered to establish such rules and regulations as may be necessary to the exercise of its functions. 49 U.S.C. § 1903(b)(10). Pursuant to that power, the Board has promulgated regulations establishing the rules of practice in air safety proceedings. 49 C.F.R. §§ 821.1 *et seq.*

---

1. Section 91.9 provides:

No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

More specifically, § 91.105 provides:

(d) No person may take off or land an aircraft, or enter the traffic pattern of an airport, under VFR [Visual Flight Rules], within a control zone—

(1) Unless ground visibility at that airport is at least 3 statute miles.

Brown was provided with a copy of those rules prior to the scheduled date of the hearing. The rules include provisions for oral decisions by the administrative law judge, and for appeals from those decisions. 49 C.F.R. § 821.42(a) provides in part:

> The law judge may render his initial decision orally at the close of the hearing, or he may render such decision in writing at a later date....

Section 821.42(d) provides:

> If the initial decision is rendered orally, a copy thereof, excerpted from the transcript of the record, shall be furnished the parties by the Office of Administrative Law Judges. *Irrespective of the date of mailing of such copy, the issuance date of the decision shall be the actual date of rendering the oral decision.*

(emphasis supplied). Appeal of written or oral decisions of the ALJ is governed by § 821.47, which provides:

> A party may appeal from a law judge's order or from the initial decision by filing with the Board and serving upon the other parties ... a notice of appeal within 10 days after an oral initial decision has been rendered or a written decision or an order has been served.

Finally, § 821.48(a) provides that each appeal must be perfected within fifty days after an oral decision has been rendered, or thirty days after service of a written decision, by filing with the Board a brief in support of the appeal. In the instant case, it is uncontested that Brown failed to appeal within the time limit applicable to oral decisions.

These rules obviously place no restrictions on the ALJ's discretion to deliver a written or oral decision. The rules do not prevent an ALJ from rendering an oral decision in the absence of one of the parties, and it is clear that if an ALJ renders such a decision, the time for appeal begins to run from the date of the oral decision. Brown argues that since there is no provision preventing an ALJ from rendering an oral decision in the absence of one of the parties, the rules are unreasonable, arbitrary and capricious.[2]

### III

Our review of the Board's regulations and of its actions in the specific case before us is narrowly circumscribed by the Administrative Procedure Act.[3] We review the Board's regulations only to determine if they are reasonable, and will overturn such regulations only if arbitrary or capricious. 5 U.S.C. § 706. Accordingly, in reviewing the case before us, we inquire only whether there is a reasonable basis for the lack of a requirement that oral decisions be rendered only when the party whose license is at stake is present.

The Board's appeal procedures plainly serve the rational purpose of promoting accurate, efficient and final decisionmaking. Those called to answer before the Board appear to be provided, as Brown was, with copies of the rules, which clearly describe the ALJ's discretion to render an oral opinion and the limited time allowed for appeal of such an oral decision. Under the rules, one who chooses not to appear at a scheduled hearing bears the burden of informing himself or herself of what action was taken by the ALJ in order to preserve the right of appeal. The only question before us is whether such a burden represents a reasonable exercise of the Board's authority.

We think it obvious that placing such a minimal burden on pilots in suspension proceedings is a reasonable exercise of the

2. Brown does not argue that he was deprived of property without due process of law by the Board's procedures or their application. Rather, Brown's argument limits itself to the claim that procedures which permit oral decisions in the absence of one of the parties represent an abuse of the discretion granted the agency under 49 U.S.C. § 1903(b)(10).

3. 49 U.S.C. § 1903(d) specifies that judicial review of a Board order shall be conducted in accordance with Chapter 7 of Title 5 of the U.S. Code, the Administrative Procedure Act. 5 U.S.C. §§ 701 *et seq.*

Board's authority to promulgate and implement safety regulations. A contrary rule would encourage pilots to absent themselves from such proceedings, since in that way they could augment the time already allotted before a suspension could take effect on them. *See* 49 C.F.R. § 821.43 (stay pending appeal). The Board's interest in correctly adjudicating claims of air safety violations justifies its choice of procedural rules that encourage the presence of the parties. In addition, the Board's paramount interest in maintaining safe takeoff and landing conditions at airfields authorizes it to design hearing and appeal procedures that will resolve claims as speedily as possible. Since the Board's rules thus serve the twin aims of accurate and speedy resolution of charges of air safety violations, they serve ends that are reasonable under the Board's statutory authority.

Moreover, it is clear that the Board's rules did not operate unfairly in this case. Brown, who throughout these proceedings was represented by counsel, had notice of the hearing and of the appellate rules. That he and his counsel chose to absent themselves from the proceedings, and failed to ascertain the results of those proceedings in time to perfect a timely appeal, does not render the Board's rules or rulings unreasonable, arbitrary or capricious.

Because the Board's procedural rules are a reasonable exercise of its mandate to maintain air safety, and because the application of those rules to the petitioner has worked no unfair hardship, the decision of the Board is **Affirmed.**