**Thomas J. COREY, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD, Federal Aviation Administration and Donald D. Engen, as Administrator, Respondents.**

No. 1264, Docket 87–4018.

United States Court of Appeals,
Second Circuit.

Argued June 12, 1987.

Decided June 26, 1987.

---

Arnold Weiss, Buffalo, N.Y. (Raichle, Banning, Weiss & Stephens, Buffalo, New York, on the brief), for petitioner.

Karen R. Bury, Washington, D.C. (Peter J. Lynch, F.A.A., Washington, D.C., on the brief), for respondents.

Before VAN GRAAFEILAND, KEARSE, and MAHONEY, Circuit Judges.

PER CURIAM:

■ Petitioner Thomas J. Corey seeks review of (1) an order of respondent National Transportation Safety Board ("NTSB" or "Board") dated August 15, 1986, dismissing Corey's appeal from an order of an NTSB administrative law judge ("ALJ"), which upheld the revocation of Corey's commercial pilot certificate pursuant to 49 U.S.C.App. § 1429 (1982); (2) an order of the Board dated November 7, 1986, denying his motion for reconsideration of the dismissal of his appeal, and (3) certain other orders relating to the revocation of his certificate. Corey contends that the Board's orders violated its own rules and that its procedures denied him due process. Since this Court has no jurisdiction to review nonfinal orders in such proceedings, 49 U.S.C.App. § 1486(a) (1982), only the Board's August 15 and November 7 orders are properly before us. As to the orders properly before us, we deny the petition for review.

An order of the NTSB may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1982). Under this standard, an order must be upheld if it is "rational, based on consideration of the relevant factors, and within the scope of the authority delegated to the agency by the statute." *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mutual Automobile Ins. Co.*, 463 U.S. 29, 42, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983).

Pursuant to 49 U.S.C.App. § 1903(b)(10) (1982), the NTSB has authority to establish rules of practice in air safety proceedings, *see Brown v. NTSB*, 795 F.2d 576, 577 (6th Cir.1986) (per curiam), and "the Board's paramount interest in maintaining [air safety] ... authorizes it to design hearing and appeal procedures that will resolve claims as speedily as possible," *id.* at 579. To the extent pertinent to the present petition for review, the Board has adopted rules providing that any appeal from an ALJ decision "must be perfected within 50 days after an oral decision has been rendered," 49 C.F.R. § 821.48(a) (1986), and that "the filing or pendency of a motion shall not automatically alter or extend the time fixed" for the filing of a brief on appeal, *id.* § 821.14(f).

The ALJ's decision upholding the revocation of Corey's commercial pilot certificate was rendered orally to Corey, who then appeared *pro se,* on March 5, 1986. Corey was furnished a copy of the regulations governing the Board's appeal procedures. He retained counsel and filed a timely notice of appeal; under § 821.48(a) his brief on appeal was due on or before April 24, 1986. Corey did not meet this deadline, and on April 29, he moved for an extension of his time to file his brief. The Board denied the motion and subsequently dismissed the appeal. It was well within the Board's discretion to deny the belated request for an extension.

We have reviewed all of Corey's challenges to the Board's procedures and to the orders properly before us and have found his contentions to be without merit. The petition for review is in all respects denied.