930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Carl E. HIMBURG, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, Kolstad, Chairman,
Coughlin, Vice Chairman, Lauber and Burnett,
Members of the Board, Respondents.
Robert R. McMeekin, M.D., Federal Air Surgeon, Real Party in Interest.
 No. 90-9560.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Carl Himburg appeals the National Transportation Safety Board's (the Board) denial of his application for an airman medical certificate. Finding the Board's action supported by substantial evidence, we affirm.
 
 
 3
 The Federal Air Surgeon (FAS) denied petitioner's application for a second-class airman medical certificate on March 1, 1988. After reviewing petitioner's medical records, the FAS found petitioner unfit for the requested certification under 14 C.F.R. Sec. 67.15(f)(2). The FAS cited a variety of concerns in support of his decision to deny petitioner's application. Central among these were the facts that petitioner has a prosthetic aortic valve, requires anti-coagulent medication, and receives medication for arrhythmia.
 
 
 4
 Petitioner sought review of the FAS's decision before an administrative law judge (ALJ). Citing past Board decisions to grant certificates to applicants with prosthetic heart valves taking anti-coagulent medication, the ALJ reversed the FAS.
 
 
 5
 The Board reversed the ALJ's decision and issued orders denying the certificate and denying reconsideration. The Board distinguished its earlier cases on which the ALJ had relied, noting that petitioner, unlike the applicants in those cases, additionally takes medication for arrhythmia.
 
 
 6
 On appellate review we uphold the Board's decision unless it is "arbitrary, capricious, or otherwise not in accordance with the law." 5 U.S.C. Sec. 706(A)(2); 49 U.S.C. Sec. 1903(d); see also Corey v. NTSB, 822 F.2d 9, 10 (2d Cir.1987). We adopt the Board's factual conclusions if they are supported by substantial evidence. 49 U.S.C. Sec. 1486(e); Hill v. NTSB, 886 F.2d 1275, 1278 (10th Cir.1989). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Even when the record contains substantial evidence to support a contrary conclusion, reversal of the Board is not necessarily justified. Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 619-21 (1966). And as the Supreme Court has held:
 
 
 7
 The 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree.... [E]vidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony.
 
 
 8
 Universal Camera Corp. v. NLRB, 340 U.S. 474, 496 (1951).
 
 
 9
 We hold the evidence presented by Dr. Sands is sufficiently substantial to support the Board's decision that appellant failed to meet the certification requirements. There is no dispute that appellant possesses a prosthetic aortic valve and requires anti-coagulent medication. Nor is there any dispute that airman medical certificates have been granted in the past to individuals with these medical conditions in the absence of other serious health risks. The dispute centers on the significance of the additional risk to air safety posed by appellant's arrhythmia and the relation thereto of his prescription for Pronestyl. The Board found this additional risk justified denial of certification under 14 C.F.R. Sec. 67.15(f)(2).
 
 
 10
 Contrary to the ALJ, the Board chose to credit the information presented by Dr. Sands above that of the appellant's physician. Dr. Sands testified that the rhythm disorder is an independent and substantial risk factor in this case. His testimony is supported by a tenfold increase from the June 1988 Holter monitor reading to the February 1989 reading. This indicated to Dr. Sands a significant risk in appellant's case. The fact that appellant's physician perceives some risk from the threat of arrhythmia--as indicated by the continuation of appellant's Pronestyl prescription--further supports Dr. Sands' conclusion that the arrhythmia constitutes an independent risk. Although appellant's arrhythmia seems to be under control generally, when appellant was taken off Pronestyl briefly in 1986, his arrhythmia recurred. Dr. Sands also testified that Pronestyl therapy itself poses a significant risk because it is a toxic drug that may provoke ventricular fibrillation or cause hemolytic anemia.
 
 
 11
 Significantly, these indicia of risk do not occur in isolation. They are cumulative of the otherwise acceptable risk posed by the presence of the prosthesis and the concomitant anti-coagulant regimen. This baseline risk, though acceptable in itself, further supports the Boards' finding that the additional risks present in appellant's case are unacceptable under the regulations the Board is charged with administering.
 
 
 12
 The Board's finding that appellant's arrhythmia constitutes an independent and significant risk in this case is supported by substantial evidence. The Board's conclusion that this risk justified denial of the requested certification is not arbitrary or capricious. We therefore AFFIRM the Board's decision. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3