UNION FLIGHTS, INC., a California corporation, Petitioner,

v.

ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION, Respondent.

No. 90–70551.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 1992.

Decided Feb. 21, 1992.

Jay C. White, Redwood City, Cal., for petitioner.

Susan S. Caron, Office of the Chief Counsel, F.A.A., Washington, D.C., for respondent.

Before TANG, PREGERSON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Union Flights, Inc. petitions for review of an order of the National Transportation Safety Board (Board), which dismissed as untimely Union Flights' appeal from a decision of an administrative law judge (ALJ). We find that the Board's rule allowing fifty days to file a brief in support of an appeal from an oral decision of an ALJ, and only thirty days for filing such a brief after a written decision, to be rational, and that the Board's change of policy requiring "good cause" for failure to observe the time limits was properly effected by adjudicative ruling. Accordingly, we affirm.

I

On April 6, 1989, the Administrator of the Federal Aviation Administration (FAA) issued an emergency order suspending Union Flights' air carrier operating certificate. *See* 49 U.S.C. app. § 1429(a). The order was based on Union Flights' alleged failure to provide FAA inspectors access to its business records. On April 7, 1989, the FAA terminated the suspension after Union Flights agreed to allow the FAA to inspect its facility, equipment, personnel, and records.

Union Flights appealed the emergency order of suspension to the National Transportation Safety Board. Administrative Law Judge Jerrell Davis heard the matter and advised the parties that he would enter a written initial decision. On February 21, 1990, Judge Davis issued a written initial decision and order finding that Union Flights had denied the FAA access to its business records and dismissed Union Flights' appeal. At the conclusion of his written initial decision and order, Judge Davis advised the parties of their appeal rights and the fact that the parties had 30

days from the service date of the decision and order in which to file an appeal brief.

On March 5, 1990, Union Flights filed a timely notice of appeal from the ALJ's decision with the Board.[1] On April 12, 1990, Union Flights filed its appeal brief with the Board, 38 days after it had received the written initial decision and order on March 5, 1990 and 50 days after the February 21, 1990 date of the written decision. The Administrator moved to dismiss the appeal as untimely filed, and ten days later, Union Flights filed a motion for leave to file a late brief. The Board dismissed Union Flights' appeal as untimely, and Union Flights now appeals.

II

■ Union Flights contends that § 821.-48(a) of the NTSB's rules of practice, 49 C.F.R. § 821.48(a), is arbitrary and capricious because it provides different filing deadlines for briefs in cases on appeal from oral initial decisions and written initial decisions. That section reads:

> § 821.48 *Briefs and oral argument.*
>
> (a) *Appeal briefs.* Each appeal must be perfected within 50 days after an oral initial decision has been rendered, or 30 days after service of a written initial decision, by filing with the Board and serving on the other party a brief in support of the appeal. Appeals may be dismissed by the Board on its own initiative or on motion of the other party, in cases where a party who has filed a notice of appeal fails to perfect his appeal by filing a timely brief.

49 C.F.R. § 821.48(a) (1990).

■ In reviewing an agency's actions in promulgating a regulation, we may set aside the regulation if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 41, 103 S.Ct. 2856, 2865–66, 77 L.Ed.2d 443 (1983) (citing 5 U.S.C. § 706(2)(A) and *Citizens to Pre-*

---

1. Union Flights also apprised Judge Davis that his initial decision and order were not received until March 5, 1990, due to a postal error.

*serve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 414, 91 S.Ct. 814, 822–23, 28 L.Ed.2d 136 (1971)). The regulation must be upheld, however, if it is rational, based on a consideration of relevant factors, and within the scope of the authority delegated to the agency by statute. *Corey v. National Transp. Safety Bd.,* 822 F.2d 9, 10 (2d Cir.1987) (per curiam) (citing *Motor Vehicle Mfrs.,* 463 U.S. at 42, 103 S.Ct. at 2866). Thus, the ultimate standard of review is a narrow one. *Chritton v. National Transp. Safety Bd.,* 888 F.2d 854, 856 (D.C.Cir.1989) (quoting *Citizens to Preserve Overton Park,* 401 U.S. at 416, 91 S.Ct. at 823–24).

The Board is authorized to establish rules of practice in air safety proceedings, pursuant to 49 U.S.C. app. § 1903(b)(12)[2]. *Corey,* 822 F.2d at 10. Furthermore, the Board's paramount interest in maintaining air safety authorizes it to design hearing and appeal procedures that will resolve claims as speedily as possible. *Id.* (citing *Brown v. National Transp. Safety Bd.,* 795 F.2d 576, 579 (6th Cir.1986) (per curiam)). Consequently, we find that section 821.48(a) and its rules for the timely filing of appeal briefs falls squarely within the scope of authority delegated to the National Transportation Safety Board.

We are unpersuaded by Union Flights' argument that § 821.48(a) serves no purpose other than to trap unsuspecting appellants who fail to file a brief within thirty days. The Board's procedures, with its different filing time periods for oral and written initial decisions, obviously serve a rational purpose. When an oral decision is rendered at the hearing, the parties do not receive a written copy, excerpted from the hearing transcript, until some time after the date of the decision. *See* 49 C.F.R. § 821.42(d) (1990). Preparation of a transcript necessarily involves time. Having a written version of the decision from which to work facilitates the parties' abilities to prepare appeal briefs. The parties can immediately commence preparation of their briefs. A rule which failed to take into

account that a party appealing from an oral initial decision must wait before receiving a written version of the initial decision would place these parties at a distinct disadvantage relative to those receiving written initial decisions: namely, less time in which to use a written copy of the initial decision for preparation of the appeal brief. Thus, the twenty additional days are provided to those appealing from an oral initial decision as a reasonable amount of time in which to secure a transcribed copy of the decision. Accordingly, we find 49 C.F.R. § 821.48(a) to be a rational exercise, in light of relevant factors, of the Board's authority to promulgate and implement rules of practice in air safety proceedings.

### III

Petitioner next argues that the Board erred in applying "good cause" standards when determining whether to accept Union Flights' late appeal brief.

Section 821.48(a) of the Board's rules of practice provides for dismissal of appeals where a party "who has filed a notice of appeal fails to perfect his appeal by filing a timely brief." Prior to 1983, the Board frequently exercised its discretion to accept late filed briefs. *See, e.g., Administrator v. Altman,* 3 N.T.S.B. 3309 (1981) (allowing respondent to file late brief). Since 1984, however, the Board has generally issued decisions requiring a showing of good cause to justify the acceptance of late-filed briefs. *See, e.g., Administrator v. Tull,* 4 N.T.S.B. 1651 (1984). In 1988, the Board publicly announced its intention to apply consistently its policy requiring dismissal, absent a showing of good cause, in all cases involving untimely notices of appeal, untimely appeal briefs, or untimely extension requests to submit these documents. *See Administrator v. Hooper,* N.T.S.B. Order No. EA–2781 at 3 (1988). Hence, Union Flights and the public at large had been put on notice that the Board had departed from its earlier policy of accepting, in cer-

---

**2.** 49 U.S.C. app. § 1903(b)(10), as referred to in *Corey,* 822 F.2d at 10, has since been amended as § 1903(b)(12). *See* Independent Safety Board Act Amendments of 1990, Pub.L. No. 101–641, 104 Stat. 4654, 4656 (1990).

tain circumstances, late filed briefs in order to decide cases on their merits rather than on the basis of procedural deficiencies.

◼ In this case, Union Flights contends that it mistakenly scheduled a date 50 days rather than 30 days after the written initial decision's service date of February 21, 1990 as the deadline for filing an appeal brief. *See* Order Dismissing Appeal at 2. We agree with the Board that Union Flights' error does not establish good cause for its failure to file a timely appeal brief. In his written initial opinion and order, Judge Davis had specifically advised petitioner of the filing deadline for the appeal briefs and of the sections of the rules of practice governing the appeals procedure. Moreover, contrary to Union Flights' contention, the Board has set standards through adjudication by which to judge if good cause exists, and these Board decisions in recent years consistently reveal that a petitioner's misreading of the rules of procedure does not constitute good cause to excuse untimely briefs. *See, e.g., Administrator v. U.S. Jet, Inc.,* N.T.S.B. Order No. EA–3150 at 2 (1990) (finding that good cause standard applies to FAA Administrator's tardiness in filing briefs, as it would to a private litigant, and thus requires dismissal of appeal); *Administrator v. Peters,* N.T.S.B. Order No. EA–2979 at 1–2 (1989) ("Board has consistently held that an attorney's noncompliance with Board rules does not constitute good cause to excuse a late filed brief"); *Administrator v. Near,* N.T.S.B. Order No. EA–2299 at 2 (1986) (unfounded misreading of filing deadline rule does not constitute good cause for noncompliance). Thus, the Board did not act arbitrarily or capriciously either in applying the good cause standard to determine whether to accept Union Flights' late brief or in finding that the instant facts failed to establish good cause.

## IV

Union Flights also argues that the Board improperly failed to enact a rule pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 553, to advise the public that it would apply the good cause policy for late briefs.

◼ Administrative agencies are generally free to announce new principles during adjudication. *NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 290–95, 94 S.Ct. 1757, 1769–72, 40 L.Ed.2d 134 (1974); *Cities of Anaheim, Riverside, Banning, Colton and Azusa, California v. FERC,* 723 F.2d 656, 659 (9th Cir.1984). An agency, however, cannot articulate new principles through adjudication if its action would 1) constitute an abuse of discretion or 2) circumvent the APA's requirements. *Bell,* 416 U.S. at 294, 94 S.Ct. at 1772–73. For example, policymaking by adjudication could be an abuse of discretion if an agency's sudden change of direction leads to undue hardship for those who had relied on past policy. *See Ruangswang v. INS,* 591 F.2d 39, 44–46 (9th Cir.1978) (finding abuse of discretion in attempted deportation of an alien who had relied on agency regulation's definition of "investor" rather than an adjudicative definition enunciated after she had made her initial investment). The instant case does not present such an abuse of discretion. Since 1984, Board decisions have applied the policy requiring good cause to justify the acceptance of late briefs. *See Hooper,* N.T.S.B. Order No. EA–2781 at 3. Since the 1988 *Hooper* decision until the time Union Flights filed its appeal brief in 1990, the Board has uniformly applied the good cause policy expressly articulated in *Hooper.* Union Flights cannot claim detrimental reliance on the Board's former policy of preferring resolution of appeals on the merits, given that the Board had not applied that policy for some two years prior to the dismissal of Union Flights' appeal. It is also difficult to find detrimental reliance on the 50–day filing period available to appeals from oral initial decisions, when the written initial decision and order expressly advised Union Flights of the 30–day period for filing the brief.

◼ The second limitation on agency adjudication also does not apply because the Board did not use *Hooper* to circumvent the requirements of the Administrative Procedure Act. *NLRB v. Wyman–Gordon*

*Co.,* 394 U.S. 759, 764, 89 S.Ct. 1426, 1428–29, 22 L.Ed.2d 709 (1969); *Cities of Anaheim,* 723 F.2d at 659. The Board did not use the *Hooper* adjudication to amend a recently amended rule, *see Ruangswang,* 591 F.2d at 45–46, or to bypass a pending rulemaking proceeding, *see Ford Motor Co. v. Federal Trade Comm'n,* 673 F.2d 1008, 1010 (9th Cir.1981), *cert. denied,* 459 U.S. 999, 103 S.Ct. 358, 74 L.Ed.2d 394 (1982). Rather, *Hooper* merely clarified the interpretation of an existing rule, § 821.48(a) of the rules of practice. *Cf. Tearney v. National Transp. Safety Bd.,* 868 F.2d 1451, 1453 (5th Cir.) (" '[i]f agencies are free to announce and apply new rules in adjudicative proceedings, *a fortiori* they are free to announce and apply interpretations of existing regulations.' ") (quoting *Nicholson v. Brown,* 599 F.2d 639, 648 (5th Cir.1979)), *cert. denied,* 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989). Thus, the Board acted within its discretion and did not violate the Administrative Procedure Act in clarifying through adjudication a policy of enforcing the deadline for appeal briefs absent good cause.

We find that Rule 821.48(a) of the National Transportation Safety Board's rules of safety and its application in this case to be reasonable exercises of the Board's authority. Accordingly, the petition for review is DENIED.