19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry R. RIVERS, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 93-70317.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry R. Rivers petitions for review of the National Transportation Safety Board's ("NTSB") order dismissing Rivers's Motion to Strike as an untimely appeal. We have jurisdiction pursuant to 49 U.S.C. app. Sec. 1486(a). We deny the petition for review.
 
 
 3
 This case began when a small aircraft piloted by Rivers crashed near Fort Yukon, Alaska. By emergency order, the Administrator of the Federal Aviation Administration ("FAA") revoked Rivers's Private Pilot Certificate. Rivers appealed to the NTSB. After a hearing, the administrative law judge ("ALJ") amended the emergency order of revocation to an eight-month suspension. The FAA timely appealed to the full NTSB.
 
 
 4
 On December 14, 1992, Rivers filed a Motion to Strike Testimony and Enter Dismissal of the Amended Emergency Order of Revocation ("Motion to Strike") which contended that testimony in the hearing before the ALJ had been tainted by misconduct when the FAA's counsel allegedly ignored the ALJ's witness sequestration order and instructed the FAA's witnesses to collaborate on their testimony. Rivers argued that because of this alleged misconduct, the ALJ's Amended Emergency Order of Revocation should be dismissed and Rivers's pilot certificate restored. On December 18, 1992, the NTSB entered an order granting the FAA's appeal and affirming the FAA's original sanction of revocation. This order did not address Rivers's Motion to Strike. On February 3, 1993, the NTSB entered a separate order dismissing Rivers's Motion to Strike as a "late appeal whose timeliness is not excusable for good cause shown." The NTSB subsequently denied Rivers's motion for reconsideration of the February 3, 1993 order.
 
 
 5
 Our review of the NTSB's decision is narrow; we will affirm unless the decision is "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." Henderson v. FAA, 7 F.3d 875, 877 (9th Cir.1993) (quotations omitted); see 5 U.S.C. Sec. 706(2)(A). "The NTSB's factual findings are conclusive when supported by substantial evidence in the record. Purely legal questions are reviewed de novo." Henderson, 7 F.3d at 877 (quotations omitted).
 
 
 6
 In his petition, Rivers first contends that the NTSB erred by dismissing his Motion to Strike as an untimely appeal because the NTSB should have treated his motion as a timely petition for reconsideration under 49 C.F.R. Sec. 821.57(d). We decline to consider this contention.
 
 
 7
 "No objection to an order of the Board or Secretary of Transportation shall be considered by the court unless such objection shall have been urged before the Board or Secretary of Transportation or, if it was not so urged, unless there were reasonable grounds for failure to do so." 49 U.S.C. Sec. 1486(e); see Howard v. FAA, No. 91-70735, slip op. 2105, 2111 (9th Cir. March 1, 1994). In the proceedings before the NTSB, Rivers never argued that his motion to strike should be treated as a petition for reconsideration under 49 C.F.R. Sec. 821.57(d), or that his motion was timely under that section. Neither does he offer any grounds for his failure to raise this argument before the NTSB. Because Rivers failed either to raise this issue before the NTSB or to justify that forbearance, he has defaulted on this argument. Howard, slip op. at 2111; see also Reid v. Engen, 765 F.2d 1457, 1462 (9th Cir.1985).
 
 
 8
 Rivers next contends that the NTSB abused its discretion by construing his Motion to Strike as an appeal because he did not intend the motion to be an appeal. This contention lacks merit.
 
 
 9
 In evaluating post-judgment motions, nomenclature is not controlling. Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983). Instead, a court will construe a motion, however styled, "to be the type proper for the relief requested." Id. Here, Rivers argued in his Motion to Strike that because of alleged misconduct by the FAA's counsel, witnesses at the hearing lacked credibility. Significantly, Rivers did not seek to reopen the hearing to present his allegations of misconduct. Instead, as in an appeal, Rivers sought to have the NTSB overturn the ALJ's Amended Emergency Order of Revocation and restore Rivers's pilot certificate. Therefore, the NTSB did not err by construing Rivers's "motion" as a belated appeal. See Miller, 709 F.2d at 527.
 
 
 10
 Rivers next contends that the NTSB abused its discretion by dismissing his "motion" as an untimely appeal because he showed good cause for his belated filing. This contention lacks merit.
 
 
 11
 In emergency proceedings following the revocation of a pilot certificate, the party appealing an ALJ's decision must file a notice of appeal with the full NTSB within two days from the date the ALJ renders the initial oral decision. 49 C.F.R. Sec. 821.57(a). Untimely notices of appeal will be accepted only if good cause is shown. Union Flights, Inc. v. Administrator, FAA, 957 F.2d 685, 687 (9th Cir.1992); Administrator v. Hooper, NTSB Order No. EA2781 (1988).
 
 
 12
 In determining that Rivers failed to show good cause for his untimely "motion," the NTSB noted that belated receipt of information by the appellant could constitute good cause to accept an appeal out of time. The NTSB nevertheless found that Rivers failed to show good cause because he filed his "motion" nearly one month after the date the alleged misconduct occurred, and two weeks after his counsel learned about it. Indeed, although Rivers's counsel averred that he first learned of the alleged misconduct on December 1, 1992, Rivers's reply brief filed on December 4, 1992 makes no mention of misconduct. In addition, the record contains no indiction that Rivers otherwise attempted to inform the NTSB of this serious claim until his motion to strike was filed on December 14, 1992. Finally, Rivers also failed to seek an extension of time to present his new claim or to remove his appeal from the emergency, expedited track.
 
 
 13
 Rivers contends that it would have been improper to file his "motion" without supporting affidavits, and that his inability to obtain a supporting affidavit from an absent pilot justified his delay. However, the record supports the NTSB's finding that Rivers's counsel did not act with diligence in presenting these allegations to the NTSB because he learned of the alleged misconduct from Rivers's wife by December 1, 1992, and could have obtained Mrs. Rivers's affidavit long before December 14, 1992.
 
 
 14
 Because Rivers failed to show good cause for his failure timely to file his "motion," the NTSB did not abuse its discretion by dismissing Rivers's "motion" as untimely. See Union Flights, 957 F.2d at 687; Hooper, NTSB Order No. EA2781.
 
 
 15
 Rivers seeks an award of attorney fees on appeal under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412(d)(1)(A). The EAJA authorizes the award of reasonable attorney fees to a party who prevails against the government, provided that the government's position was not "substantially justified." 28 U.S.C. Sec. 2412(d)(1)(A). Because Rivers is not the prevailing party, he is not entitled to an award of attorney fees. See McQuiston v. Marsh, 707 F.2d 1082, 1085 (9th Cir.1983) (to be eligible to recover fees, party must "prevail on an important matter in the course of litigation").
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3