73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael G. MANIN, Petitioner,
v.
The NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 95-3589.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1995.
 
 Before: BROWN, SILER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Michael G. Manin, a pro se Ohio resident, appeals a decision from the National Transportation Safety Board (NTSB) affirming the Federal Aviation Administration's (FAA) revocation of his pilot and airman medical certificates. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, an administrator of the FAA revoked Manin's pilot and medical certificates. The administrator found that Manin fraudulently and intentionally falsified his applications for the certificates. The FAA stayed the order pending an informal conference.
 
 
 3
 On February 15, 1994, the stay was lifted and a second revocation order was issued. The second order alleged that Manin had falsified 1992 and 1993 applications by certifying that he had no criminal convictions. Manin had been convicted in March 1992 of making false statements on a passport application.
 
 
 4
 Manin appealed the FAA order to the NTSB. A hearing was conducted before an Administrative Law Judge (ALJ). The ALJ affirmed the FAA's 1994 order. The ALJ terminated the proceeding as to the 1991 order because the parties had negotiated a settlement. Manin appealed the ALJ's decision to the full NTSB. The NTSB denied Manin's appeal as to the 1994 order, dismissed the appeal as to the 1991 order as untimely, and affirmed the FAA's revocation of Manin's two certificates. The NTSB denied Manin's subsequent petition for reconsideration. Manin then filed his timely petition for review with this court. Manin raises multiple issues on appeal. He requests leave to proceed in forma pauperis.
 
 
 5
 Judicial review of orders of the NTSB must be in accordance with the provisions of the Administrative Procedure Act, 5 U.S.C. Sec. 706. Blackman v. Busey, 938 F.2d 659, 661 (6th Cir.1991). Appeals from a NTSB action are subject to a two-part review. A decision of the NTSB will be set aside if it is found to be arbitrary, capricious, or an abuse of discretion. Id. A factual finding will be disturbed only if it is not supported by substantial evidence. Id. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the Board's conclusion. Board of Governors v. First Lincolnwood Corp., 439 U.S. 234, 253 (1978). A decision may be supported by substantial evidence even though a reasonable interpretation of the record would support a contrary view. McCarthney v. Busey, 954 F.2d 1147, 1153 (6th Cir.1992).
 
 
 6
 Upon review, we conclude that the decision of the NTSB is supported by substantial evidence. The court may not superimpose its judgment over the NTSB's weighing of the evidence. Id. at 1154. The evidence is clear that Manin was convicted of a federal crime before applying for his 1992 and 1993 certificates. Manin's applications for the certificates show that he denied any prior convictions. Therefore, Manin's applications for his certificates contained false statements.
 
 
 7
 Manin contends that the NTSB should not have dismissed his appeal concerning the 1991 order. However, Manin did not timely perfect his appeal concerning the 1991 order. Therefore, the court is without jurisdiction to review the NTSB's decision as to the 1991 order. See Corey v. National Transp. Safety Bd., 822 F.2d 9, 10-11 (2d Cir.1987) (per curiam). Finally, Manin's remaining arguments are not reviewable on appeal as these issues were not first presented to the NTSB. Brotherhood of Locomotive Eng'rs v. ICC, 909 F.2d 909, 912-13 (6th Cir.1990).
 
 
 8
 Accordingly, we grant leave to proceed in forma pauperis for the purposes of this appeal only, and affirm the NTSB's decision. Rule 9(b)(3), Rules of the Sixth Circuit.