**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EASTERN ASSOCIATED COAL
CORPORATION,
Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; JAMES
H. DUELLEY,
Respondents.

No. 98-1214

On Petition for Review of an Order
of the Benefits Review Board.
(96-282-BLA)

Submitted: August 11, 1998

Decided: September 22, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Solomons, Laura Metcoff Klaus, ARTER & HADDEN
L.L.P., Washington, D.C., for Petitioner. Marvin Krislov, Deputy
Solicitor of National Operation, Donald S. Shire, Associate Solicitor,
Patricia M. Nece, Counsel for Appellate Litigation, Helen H. Cox,
UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,

for Respondent Director. James Hook, Waynesburg, Pennsylvania, for Respondent Duelley.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eastern Associated Coal Corporation ("EACC") petitions for review of orders of the Benefits Review Board affirming the decision of the administrative law judge ("ALJ") initially and upon reconsideration, granting black lung benefits to retired coal miner James Duelley. EACC contends that the ALJ abused his discretion by finding that EACC failed to demonstrate good cause for its failure to timely controvert the initial administrative award of benefits. Finding no error, we affirm.

Duelley filed an application for black lung benefits in September 1989. The Department of Labor ("DOL") identified EACC as the responsible operator liable for any benefits. EACC accepted its status as the responsible operator. On March 7, 1990, DOL issued a "Notice of Initial Finding" stating that it had found Duelley entitled to benefits as of September 1, 1989. The notice also stated that if EACC was to contest the initial finding:

> [EACC] must file a controversion (CM-970) with this office within thirty days of the date of this notice. The record will remain open for an additional period of 30 days unless extended for good cause by the Deputy Commissioner, for the submission of additional evidence, including the examination of the claimant by a physician of your choice.
>
> If you fail to respond within 30 days, you will be deemed to have accepted the initial finding, and this failure shall be

2

considered a waiver of your right to contest this claim unless good cause is shown to excuse such failure (CFR 725.413).

The notice also identified Duelley's son as his sole dependent. However, it noted that Duelley was recently divorced and the notice would be amended to reflect the status of the divorced spouse once the DOL received a copy of the divorce decree. On April 3, 1990, DOL notified EACC that it had received Duelley's divorce decree and the notice would not be amended.

On April 19, 1990, EACC responded and controverted Duelley's eligibility. It submitted some medical evidence and requested a thirty-day extension to have Duelley examined. On May 2, 1990, EACC again controverted Duelley's entitlement to benefits and requested a hearing.

On May 8, 1990, the DOL issued a proposed decision and order awarding benefits and ordering EACC to pay. In its cover letter, the DOL stated "since [EACC] failed to respond to the Notice of Initial Findings within the time specified in that Notice, you are deemed to have accepted those findings; such failure is considered a waiver of your right to contest the claim unless it is excused for good cause shown." EACC was provided thirty days to request either a revision of the proposed decision and order or a hearing before an ALJ.

On May 15, 1990, EACC responded by stating that"[a]lthough the controversion was not filed within thirty days of the date of the Notice of Initial Finding, Eastern has good cause for the late filing and would request that you so find and accept the controversion as filed." According to EACC, there were two reasons for the late filing. EACC explained that the late controversion was the result of administrative problems encountered as a result of a decision to consolidate the handling of black lung claims with Peabody Holding Company's in-house staff. In addition, when the notice was received, a major portion of Peabody Holding Company was in the process of being purchased, which required those individuals responsible for managing black lung claims to become involved in meetings.

A claims examiner for the DOL found that EACC failed to show good cause for its delay in filing the controversion. EACC was

3

informed it had thirty days to request a revision of the proposed decision and order or to request a hearing. EACC requested both a revision and a hearing.

The DOL forwarded the case to the Office of Administrative Law Judges. On transmittal form CM-1025 both the DOL and EACC contested whether EACC filed a timely controversion. EACC also contested the merits of Duelley's claim.

At the hearing, EACC's counsel withdrew several issues. The ALJ asked about the "issues under 14" (the lateness of filing the controversion). EACC's counsel stated that he believed it, along with other issues on the second page, did not need to be addressed. The ALJ asked if "they are simply reserved." EACC's counsel responded affirmatively. The ALJ then announced that the only issue"before us is the question of total disability." After taking evidence, the ALJ issued a decision denying the claim, finding that medical evidence did not establish a total disability due to pneumoconiosis.

Duelley appealed to the Board questioning the timeliness of EACC's controversion. The Board held that the ALJ"erred by not first making a finding as to whether good cause existed for employer's late filing of the controversion prior to reaching the merits of the claim." The Board rejected EACC's contention that Duelley waived the issue by not raising it at the hearing. The Board stated that the ALJ was required to consider any issue which is raised in writing before the district director or marked as contested on form CM-1025. The ALJ's decision was vacated and the case remanded for consideration of whether good cause excused EACC's late filing.*

On remand, EACC reasserted its reasons for the late filing. EACC also argued that the proposed decision and order amounted to a default judgment which is disfavored in those instances in which there is a meritorious defense. The ALJ found that EACC failed to establish

_____

*The Board noted that the ALJ may not have had jurisdiction to consider the merits of the claim if EACC did not show good cause. However, in the interest of judicial economy, the Board addressed the merits of the claim and found that the ALJ's findings were supported by substantial evidence.

4

good cause. The ALJ noted that EACC received actual notice of the Notice of Findings and was a large, stable entity which is expected to have well-established procedures in place for handling claims. The ALJ also noted that default judgments, although generally disfavored, are more likely sustainable when the party contesting the default judgment, and not the party's counsel, was at fault, as in this case.

On appeal to the Board, EACC asserted that the Notice of Initial Finding was incomplete because it indicated it would be amended and that its controversion was timely as to the announcement informing EACC that the notice would not be amended. The Board rejected this argument on the basis that EACC had already conceded its controversion was untimely. In addition, the Board determined that its prior holding that EACC's controversion was untimely was the law of the case and no exception to that doctrine was established.

The Board also rejected EACC's contention that Duelley was not prejudiced by the late filing. According to the Board, Duelley was prejudiced by the potential loss of benefits and by having to refund an overpayment of interim benefits. Finally, the Board concluded that even if Duelley was not prejudiced, EACC failed to establish good cause for extending the period in which to file a controversion and the ALJ's findings was a proper exercise of his discretion. The ALJ's decision was affirmed.

We note that, pursuant to statutory authority, the Secretary of Labor has established a regulatory framework governing the filing and adjudication of black lung claims. See 30 U.S.C.A. §§ 932(a), 936(a) (West 1986 & Supp. 1998). The district director of the Office of Workers' Compensation Programs of the Department of Labor has authority to process the claim, determine the responsible operator and make an initial determination regarding entitlement. See 20 C.F.R. §§ 725.401, 725.412 (1997). If an initial determination is made finding the coal miner is entitled to benefits, the responsible operator has thirty days from the date of the notice to contest the determination. An operator who fails to file a timely response shall be deemed to have accepted the initial findings of the deputy commissioner and shall not be permitted to raise issues or present evidence with respect to issues inconsistent with the initial findings in any further proceeding conducted with respect to the claim. Good cause may excuse an

5

operator's failure to submit a timely response. See 20 C.F.R. §§ 725.413(b)(3), 725.414(b) (1997).

We review the ALJ's decision not to find good cause for abuse of discretion. See, e.g., Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949 (4th Cir. 1997); see also Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed. Cir. 1992); Union Flights, Inc. v. Administrator, F.A.A., 957 F.2d 685, 688 (9th Cir. 1992). We, like the Board, reject EACC's contention that the Notice of Initial Finding was not complete and did not warrant a response until the DOL determined whether it was to be amended. The notice clearly indicated EACC's obligation to respond and the consequences if it failed to do so. Furthermore, the potential amendment would not have impacted Duelley's entitlement to benefits. Finally, EACC conceded that its controversion was indeed late. It was not until EACC appealed the ALJ's decision to the Board that it argued that the Notice of Initial Finding did not trigger its obligation to respond.

Likewise, we reject EACC's contention that Duelley waived the issue regarding the late filing of the controversion. As the Board stated, the issue was identified as contested by the DOL and must be resolved prior to the ALJ asserting his authority over the merits of the claim. See 20 C.F.R. § 725.463(a)(1997); Pothering v. Parkson Coal Co., 861 F.2d 1321, 1329 (3d Cir. 1988). The issue was not withdrawn or waived by either the DOL or EACC. The issue was not Duelley's to raise before the ALJ, inasmuch as it had already been decided in his favor, nor was it his to waive.

Finally, we find the ALJ did not abuse his discretion in determining that EACC did not demonstrate good cause in its late filing of the controversion. EACC essentially contends that the bar to contesting the merits of Duelley's claim due to its failure to show good cause for its late filing is too severe a penalty. Once the ALJ determined that EACC failed to show good cause, it was not within his discretion to fashion a remedy. The regulations compelled the ALJ to bar EACC's challenge to the merits. EACC fails to show some reasonable basis for noncompliance. See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Heavy workload or inattention to office chores do not constitute good cause. See Father & Sons Lumber & Bldg. Supplies, Inc. v. N.L.R.B., 931 F.2d 1093, 1096 (6th Cir. 1991);

6

Mollura v. Miller, 621 F.2d 334, 335 (9th Cir. 1980). EACC was obligated to file a timely response to notice of the adverse decision. The failure to do so was entirely due to EACC's inattention to its own obligations. EACC could have, but did not, request a longer time to respond.

Accordingly, we affirm the Board's orders. We deny EACC's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

7