# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2698

_____

Barry M. Cornish,

Petitioner,

v.

Federal Aviation Administration;
National Transportation Safety Board,

Respondents.

\* \* \* \* \* \* \* \* \* \* \* \*

Petition for Review of an Order
of the National Transportation
Safety Board

_____

Submitted: April 15, 2005
Filed: November 28, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

The Administrator of the Federal Aviation Administration (FAA) revoked Barry Cornish's aircraft mechanic certificate because he submitted an adulterated urine sample, an action the FAA treats as refusing to comply with its mandatory drug testing requirements for licensees who perform "safety-sensitive" functions. See 49 U.S.C. §§ 44709(b)(1)(A), 45102(a); 14 C.F.R. §§ 65.23(b)(2), 121.457, pt. 121, app. I, §§ III(E), V(B). Cornish appealed the revocation to the National Transportation Safety Board (NTSB). With his administrative appeal pending, Cornish commenced an action challenging the validity of policy memoranda the Department of Transportation has issued to advise drug-testing laboratories how to determine

whether a urine sample is adulterated. We dismissed the action because Cornish had not exhausted his administrative remedies. Cornish v. Blakey, 336 F.3d 749 (8th Cir. 2003). Our opinion described in greater detail than we need repeat here the problem of adulterated urine samples and the federal regulatory response to that problem.

Cornish resumed his administrative appeal to the NTSB, and the administrative law judge (ALJ) held an evidentiary hearing. See 49 C.F.R. §§ 821.37-.40. The Administrator introduced lab analyses showing that Cornish's urine sample contained 2027 micrograms per milliliter of a nitrite adulterant, more than four times the concentration that the policy memoranda define as making the sample adulterated. Cornish denied adulterating the sample but did not challenge the test results. At the conclusion of the hearing, the ALJ issued an oral decision finding that Cornish submitted an adulterated sample, rejecting his affirmative defenses, and upholding the FAA's revocation order. Cornish filed a timely notice of appeal from the ALJ's initial decision to the NTSB Board but filed his appeal brief to the NTSB nine days late. Finding no good cause for this procedural default, the NTSB dismissed the administrative appeal. Cornish petitions for judicial review of the NTSB's final agency action. See 49 U.S.C. §§ 1153, 44709(f), 46110(a); 49 C.F.R. § 821.64(a). We deny the petition for review.

The applicable NTSB regulations provide that, when the ALJ issues an oral initial decision, the administrative appeal "must be perfected" by filing a brief within fifty days of that decision. "An appeal may be dismissed by the Board . . . where a party who has filed a notice of appeal fails to perfect the appeal by filing a timely appeal brief." 49 C.F.R. § 821.48(a). In Administrator v. Hooper, 6 N.T.S.B. 559, 560 (1988), responding to a remand by the D.C. Circuit in Hooper v. NTSB, 841 F.2d 1150 (D.C. Cir. 1988), the NTSB announced "that it intends to adhere uniformly to a policy requiring the dismissal, absent a showing of good cause, of all appeals in which . . . timely appeal briefs . . . have not been filed." Here, mistakenly believing that the fifty-day period commenced with the filing of his notice of appeal, rather than

with the ALJ's decision, Cornish filed his appeal brief nine days late.  The Board dismissed the appeal, explaining that "[c]ounsel's mistake in determining when the appeal brief was due for filing does not constitute good cause."

On appeal, Cornish argues that the decision to dismiss his appeal as untimely was arbitrary and capricious (the appropriate standard of review) because the NTSB has dismissed nearly every appeal since Hooper without explaining what would constitute good cause, and because the Board gives the Administrator more latitude to file "stale complaints" under 49 C.F.R. § 821.33.  In Union Flights, Inc. v. Administrator, 957 F.2d 685, 688 (9th Cir. 1992), the court upheld 49 C.F.R. § 821.48(a) and the policy announced in Hooper, noting that "Board decisions in recent years consistently reveal that a petitioner's misreading of the rules of procedure does not constitute good cause to excuse untimely briefs."  Accord Brown v. NTSB, 795 F.2d 576 (6th Cir. 1986).  We agree with these decisions.  In this case, Cornish makes no showing that the Board has failed to apply its strict Hooper policy uniformly.  In applying this policy, the Board need not attempt to catalog what might be good cause in other cases when it consistently rules that mistakes by the appellant's attorney in construing the agency's procedural rules is *not* good cause.  In addition, as the FAA's brief makes clear, the stale complaint issue is simply not comparable.  Indeed, the regulations provide that a motion to dismiss an allegedly stale complaint must be denied if the complaint alleges licensee "lack of qualification," as in this case.  49 C.F.R. § 821.33(b).  In these circumstances, we conclude that the NTSB was not arbitrary and capricious in adopting the Hooper policy and in applying it to dismiss Cornish's administrative appeal.

On appeal, Cornish also renews his attack on the adulteration policy memoranda, arguing that they are invalid because the agencies did not follow notice-and-comment procedures mandated by the Administrative Procedure Act, 5 U.S.C. § 553.  He further argues that the ALJ erred in not dismissing the Administrator's complaint because the FAA's fourteen-month delay in issuing the revocation order

prejudiced his ability to probe the agency's drug testing evidence. However, our jurisdiction is limited to reviewing a "final order" of the NTSB. 49 U.S.C. § 1153(a). Here, the NTSB's order dismissed Cornish's administrative appeal, and we have upheld that order. Our prior decision established that Cornish may only challenge the policy memoranda "as applied" in this revocation proceeding. See Cornish, 336 F.3d at 752-54. Thus, given our limited appellate jurisdiction, Cornish forfeited judicial review of the agency's application of the policy memoranda, as well as the stale complaint issue, when he failed to file a timely brief on appeal to the NTSB. See generally 5 U.S.C. § 704; Darby v. Cisneros, 509 U.S. 137 (1993).

      We deny the petition for review.

_____