**NOT FOR PUBLICATION**

FILED

OCT 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD CONCEPCION, | No. 16-73892 |
| Petitioner, | TSA No. 37649 |
| v. | |
| TRANSPORTATION SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Transportation Security Administration

Submitted October 3, 2017[**]
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Leonard Concepcion petitions for review of the Transportation Security Administration's ("TSA") second Final Determination of Ineligibility issued upon remand on October 17, 2016, which disqualified him from serving as a flightcrew member based on his 2012 conviction for conspiring to launder money under 18 U.S.C. § 1956(h) in violation of 18 U.S.C. § 1957(a). The TSA based its determination on two independent grounds: (1) sufficient "other factors" justified precluding Concepcion from unrestricted access to the secure areas of planes or airports under 49 U.S.C. § 44936(b)(2) and, alternatively, (2) that a conviction under 18 U.S.C. § 1957(a) is categorically a "felony involving dishonesty" within the meaning of 49 U.S.C. § 44936(b)(1)(B)(xiv)(V). We have jurisdiction pursuant to 49 U.S.C. § 46110(a). Because the TSA properly concluded the "other factors" standard in 49 U.S.C. § 44936(b)(2) was met, we need not reach the question whether a § 1957(a) conviction is categorically a crime involving dishonesty. We deny the petition for review.

1.      We reject Concepcion's argument that 49 U.S.C. § 44936(b)(2) precludes the TSA from looking to the underlying facts and circumstances of his conviction. Section 44936(b)(2) expressly authorizes the Under Secretary to specify "other factors that are sufficient to prohibit the employment of an individual" as a flightcrew member. "Other factors" is not a term that, in ordinary

speech, sometimes refers to a generic crime and sometimes does not. *Cf. Nijhawan v. Holder*, 557 U.S. 29, 33–34 (2009) (identifying "crime," "felony," and "offense" as terms that can refer to generic crimes). One is not convicted of "other factors;" one is convicted of a crime. Moreover, an examination of the context of the phrase "other factors," which follows the list of generic crimes in § 44936(b)(1), makes clear that the TSA may consider the circumstances of a crime regardless of its categorical match to the generic crime.

2. The TSA reasonably concluded that, "[B]ecause a flightcrew member has unescourted access to the secure areas of planes and airports, that person must be especially trustworthy and a person of integrity . . . and not someone who would turn a blind eye or ignore unlawful activity taking place on an aircraft for personal profit." This is precisely what Concepcion pleaded to in his § 1957(a) conviction. Concepcion admitted that he piloted numerous chartered flights over eight months between Los Angeles and Baltimore. He knew that the hundreds of thousands of dollars he received for his services, of which 10% was personal profit, were derived from criminal activity. In fact, Concepcion's passengers were using his plane to transport cocaine to Maryland and its proceeds to California. And he pleaded guilty to advising co-conspirators about the best times to travel to avoid detection, receiving luggage filled with cocaine, and taking payment from the drug

3

proceeds, $40,000 of which was in the microwave of his aircraft. The TSA Deputy Director of Security Threat Assessment Operations examined these facts and came to a wholly reasonable conclusion—Concepcion "accept[ed] money in exchange for facilitating the distribution of controlled substances," turning a blind eye to illegal activity in and around his plane in pursuit of personal profit. In accordance with guidance issued by the TSA's Program Management Division that enumerated the "other factors" of 49 U.S.C. § 44936(b)(2), the Deputy Director decided Concepcion lacked the trustworthiness required of flightcrew members given the privilege of unescorted access to planes and secure areas of airports. The Deputy Director's ruling that Concepcion is ineligible pursuant to 49 U.S.C. § 44936(b)(2) was not arbitrary, capricious, or ad hoc.

3. The TSA properly exercised its adjudicatory authority. Section 44936(b)(2) grants the TSA both rulemaking and adjudicatory authority. In general, "[a]n agency is not precluded from announcing new principles in an adjudicative proceeding and the choice between rulemaking and adjudication lies in the first instance within the agency's discretion." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 664–65 (9th Cir. 2016) (internal quotation marks and alterations omitted). Section 44936(b)(2) authorizes the TSA administrator to "specify other factors," a broad grant of authority that contrasts with statutory provisions that

4

explicitly mandate rulemaking. *Cf.* 49 U.S.C. § 44936(a)(1)(A) (provision in the same statutory section directing the TSA to "require by regulation that an employment investigation . . . shall be conducted" for each flightcrew member). This was not one of the narrow circumstances where an agency's reliance on adjudication amounts to an abuse of discretion: the adjudication of Concepcion's conviction under 18 U.S.C. §§ 1956(h), 1957 did not amend a recently amended rule or bypass rulemaking, there is no indication that Concepcion's violation of 18 U.S.C. §§ 1956(h), 1957 was in reliance on a prior TSA ruling, and a fact-specific inquiry limits the extent to which the adjudication announces a new rule of widespread application. *Cf. Union Flights, Inc. v. Adm'r, FAA*, 957 F.2d 685, 688 (9th Cir. 1992); *Cities of Anaheim, Riverside, Banning, Colton & Azusa v. FERC*, 723 F.2d 656, 659 (9th Cir. 1984); *Ford Motor Co. v. FTC*, 673 F.2d 1008, 1010 (9th Cir. 1981).

4. The Deputy Director had the delegable authority to make the final ineligibility determination. Express statutory authority for delegation is not required. *See Frankl v. HTH Corp.*, 650 F.3d 1334, 1350 (9th Cir. 2011); *Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 703 (9th Cir. 1996). The TSA's decision to proceed via adjudication through the Deputy Director was not

"arbitrary, capricious, or manifestly contrary" to 49 U.S.C. § 44936(b)(2). *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).

5.     The TSA did not violate Concepcion's vaguely asserted due process rights.[1]  "[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The TSA provided Concepcion written notice of its initial decision, invited him to challenge its reasoning and findings, which he did, and then issued a written final decision laying out its conclusions and responding to his arguments. *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ("The core of due process is the right to notice and a meaningful opportunity to be heard.").  The only additional procedure that Concepcion identifies in this appeal is a hearing, but the Administrative Procedure Act does not require a hearing, he never requested one,

---

[1] Concepcion may not incorporate by reference arguments made in filings in a prior appeal.  Ninth Cir. R. 28-1(b); *Sandgathe v. Maass*, 314 F.3d 371, 380 & 380 n.8 (9th Cir. 2002).

and Concepcion has not identified any prejudice from the TSA's decision to resolve a wholly legal question on a paper record. *Greene v. Babbitt*, 64 F.3d 1266, 1275 (9th Cir. 1995); *see also United States v. Consol. Mines & Smelting Co.*, 455 F.2d 432, 453 (9th Cir. 1971).

**Petition DENIED.**