**SPITZER GREAT LAKES LTD.,
COMPANY, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
Respondent.**

No. 97–3489.

United States Court of Appeals,
Sixth Circuit.

Argued July 29, 1998.

Decided April 14, 1999.

Rex A. Littrell (briefed), Terrence M. Fay (argued and briefed), Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, Anthony B. Giardini (briefed), Bradley & Giardini' Co., Lorain, OH, for Petitioner.

Andrea E. Medici, Environmental Protection Agency, Office of General Counsel, Eric Hostetler (argued and briefed), U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Respondent.

Before: JONES, RYAN, and MOORE, Circuit Judges.

MOORE, J., delivered the opinion of the court, in which JONES, J., joined.
RYAN, J. (pp. 417–19), delivered a separate dissenting opinion.

MOORE, Circuit Judge.

Petitioner Spitzer Great Lakes Ltd., Company ("Spitzer") was assessed a civil penalty by an EPA administrative law judge ("ALJ") for violations of the Toxic

Substances Control Act (the "TSCA"), 15 U.S.C. §§ 2601–2692. Relying on misleading language contained in the ALJ's order, Spitzer filed an untimely appeal with the EPA's Environmental Appeals Board (the "Board"). The Board rejected the appeal, finding no special circumstances that warranted the relaxation of the EPA's timeliness requirements. We conclude, however, that this decision was inconsistent with EPA administrative precedent and thus constitutes an abuse of discretion on the part of the Board. Accordingly, we **REVERSE** the Board's denial of Spitzer's appeal and **REMAND** the case to the Board for review of Spitzer's appeal on the merits.

## I. FACTS AND PROCEDURAL HISTORY

The TSCA grants the EPA the authority to regulate the manufacture, processing, distribution in commerce, use, and disposal of toxic chemical substances and mixtures. *See* 15 U.S.C. § 2605. Pursuant to this authority, the EPA has promulgated rules governing the use, disposal, storage, and marking of PCBs and PCB-containing articles.[1] Persons in violation of these regulations are subject to civil penalties of up to $25,000 per day for each violation. *See* 15 U.S.C. § 2615(a). A civil penalty "shall be assessed by the Administrator by an order made on the record after opportunity ... for a hearing." 15 U.S.C. § 2615(a)(2)(A).

In 1986 Spitzer purchased property in Lorain, Ohio from the American Ship Building Company. In 1992, the EPA commenced an administrative proceeding against Spitzer for numerous violations of the rules governing the disposal of PCB-containing equipment that Spitzer allegedly committed between 1986 and 1990. J.A. at 91 (EPA Letter Enclosing Compl. and Notice of Opportunity for Hr'g). The EPA enclosed with the complaint served upon Spitzer a copy of the EPA's Consoli-

dated Rules of Practice, 40 C.F.R. Part 22, and a cover letter advising Spitzer to "carefully read and analyze the enclosed Complaint and Rules of Practice." *Id.* After Spitzer represented that the facts set forth in the complaint were "reasonably accurate," the EPA issued an accelerated decision on May 25, 1995 finding Spitzer liable for all violations alleged in the complaint. *See* J.A. at 16 (Initial Decision at 1 & n. 2). In the subsequent penalty phase of the proceedings, the ALJ issued an initial decision on January 24, 1997 assessing a civil penalty against Spitzer in the amount of $165,000. *See id.* at 16–31.

The initial decision on the penalty was sent by certified mail to Spitzer's counsel and was served upon the parties on February 3, 1997. J.A. at 32 (Certificate of Serv.). The order required Spitzer to pay the full amount of the civil penalty within sixty days of the service date of the final order. J.A. at 31 (Initial Decision at 16). The order concluded with the following statement:

> Pursuant to 40 C.F.R. § 22.27(c), this initial decision shall become the final order of the Environmental Appeals Board within forty-five (45) days after its service upon the parties and without further proceeding unless (1) an appeal to the Environmental Appeals Board is taken from it by a party to this proceeding or (2) the Environmental Appeals Board elects, sua sponte, to review this initial decision.

*Id.*

Relying on the foregoing statement, Spitzer believed it was required to file its administrative appeal within forty-five days of being served the initial decision. Spitzer complied with this implied deadline and filed its appeal on March 20, 1997. Pursuant to the terms of 40 C.F.R. §§ 22.30(a) and 22.07(c), however, to be timely an appeal from the initial decision had to be filed within 25 days, or by February 28, 1997.[2] Consequently, the Board

---

1. PCB is a toxic substance frequently used in electrical transformers and capacitors.

2. 40 C.F.R. § 22.30(a) allows twenty days for the filing of a notice of appeal after service of

issued an order on April 15, 1997 dismissing Spitzer's appeal as untimely, finding "no special circumstances warranting a relaxation of the time for filing an appeal." J.A. at 6 (Order Dismissing Appeal at 3). Spitzer now seeks review of the Board's order, and we have jurisdiction to review the Board's decision pursuant to 15 U.S.C. § 2615(a)(3).

## II.  ANALYSIS

### A.  Standard of Review

■ Because the Board's order dismissing Spitzer's administrative appeal was based solely on Spitzer's failure to comply with the agency's procedural deadlines, we limit our review to the question of whether the Board abused its discretion in requiring strict compliance with its regulatory deadlines. We do not address Spitzer's challenge to the reasonableness of the civil penalty assessed against it for violating the TSCA. *See Blevins v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor,* 683 F.2d 139, 143 (6th Cir.1982) (where petitioner seeks review of order of an agency's board dismissing an administrative appeal as untimely, court of appeals will not review the merits of the ALJ's decision). Our review of the Board's action is narrowly circumscribed by the Administrative Procedure Act, and we will only overturn the Board's ruling if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See also Brown v. National Transp. Safety Bd.,* 795 F.2d 576, 579 (6th Cir.1986). We note, however, that the Board's decision regarding the waiver of timeliness requirements does not comprise a matter of particular agency expertise that warrants heightened deference. *See United States v. Members of Estate of Boothby,* 16 F.3d 19, 21–22 (1st Cir.1994); *Mount Graham Red Squirrel v. Espy,* 986 F.2d 1568, 1571 (9th Cir.1993).

### B.  The EPA Administrative Appeals Process

40  C.F.R. Part 22 sets forth the rules of practice governing the EPA's administrative assessment of civil penalties. Section 22.30(a) provides that a party seeking to appeal an adverse ruling of an ALJ must file notice of appeal and an accompanying appellate brief "within twenty (20) days after the initial decision is served upon the parties." Where service of the initial decision occurs by mail, five days is added to the time allowed for the filing of an appeal. *See* 40 C.F.R. § 22.07(c). The Board may elect sua sponte to review the ALJ's initial decision by "serv[ing] notice of such intention on the parties within forty-five (45) days after the initial decision is served upon the parties." 40 C.F.R. § 22.30(b). When a party does not appeal the initial decision and the Board does not review the decision sua sponte, the initial decision becomes "the final order of the Environmental Appeals Board within forty-five (45) days after its service upon the parties and without further proceedings." 40 C.F.R. § 22.27(c).

■ "[U]pon timely motion of a party to the proceeding, for good cause shown, and after consideration of prejudice to other parties," the Board "may grant an extension of time for the filing of any pleading, document, or motion," including the filing of a notice of appeal, arising from the penalty assessment process. 40 C.F.R. § 22.07(b). A motion to extend the time for the filing of an appeal must be filed before the appeal is due, unless the delay in filing the motion to extend results from excusable neglect. *See id.* Even in cases in which no motion for an extension of time is made or in cases in which § 22.07(b) is inapplicable, however, the Board nonetheless will waive strict compliance with the time limits for perfecting an appeal in special circumstances. *See Production*

---

the initial decision. Section 22.07(c) extends that time by five days, however, if service is made by mail.

*Plated Plastics, Inc.*, 5 E.A.D. 101, 1994 WL 60923, at *2 (1994).[3] Special circumstances have been found to exist "[w]here [the EPA] gives erroneous filing information in writing and a petitioner relies on and complies with it." *BASF Corp. Chem. Div.*, 2 E.A.D. 925, 1989 WL 266771, at *2 n. 3 (1989). In *BASF* the petitioner had received transmittal letters from the EPA which stated that a request for review would be timely if *postmarked* within the filing period. In fact, the regulation required *receipt* by the EPA within the filing period. Given the erroneous and misleading directive from the EPA, and BASF's compliance with this erroneous directive, BASF's appeal was not rejected as untimely. *See id. See also Tecroney, Inc.*, 2 E.A.D. 661, 1988 WL 249374, at *3 n. 5 (1988) (strict compliance with timeliness requirements waived in similar circumstances); *Gary Dev. Co.*, RCRA Appeal No. 96–2, 1996 WL 514287, at *5 (EPA Aug. 16, 1996) (rejecting untimely appeal as factual circumstances stood "in sharp contrast to those cases where a petitioner claims to have relied on erroneous information given by EPA").

## C. Spitzer's Administrative Appeal

■ Spitzer filed its administrative appeal on the forty-fifth day following service. EPA Region V filed a motion to dismiss the appeal as untimely, and the Board granted that motion. As an initial matter, we note that, apparently, Spitzer made no motion pursuant to 40 C.F.R. § 22.07(b) to file its appeal out of time. Had Spitzer made such a motion after the expiration of the twenty-five day period provided in the EPA's Rules of Practice for the filing of appeals, and had such a motion been denied by the Board, we

would be considering today whether Spitzer's untimely filing of the motion to extend the time for filing its appeal was the result of excusable neglect. Because no such motion was filed, however, the question before us is whether the Board abused its discretion in refusing to waive strict compliance with its filing requirements in this instance.

In filing its appeal on the forty-fifth day following service, Spitzer claims to have relied on the final paragraph of the ALJ's order which, citing 40 C.F.R. § 22.27, stated that the initial decision would become final "within forty-five days" unless an appeal was taken or the Board initiated review sua sponte. We agree with Spitzer that this statement was misleading if not technically erroneous. Read independently of the regulations, this statement clearly implies that the petitioner had forty-five days to appeal.[4] Further, we disagree with the assertion made by the Board in its dismissal of Spitzer's appeal that "[w]hile the statement [of the ALJ] can be faulted for not divulging the time period for perfecting an appeal ... this dereliction is one of parsimony, not deception." J.A. at 5 (Order Dismissing Appeal at 2) (quoting *Production Plated Plastics, Inc.*, 1994 WL 60923, at *2). Despite its technical accuracy, the ALJ's statement was deceptive and not merely parsimonious. In fact, an even more parsimonious order that made no reference to an appeal would have been preferable, as it would have forced the petitioner to resort to the regulations for the pertinent filing information.

The EPA has apparently recognized that quoting this regulatory language out of context is misleading. In *Production Plated Plastics, Inc.*, 1994 WL 60923, at *2

---

**3.** It is well established that an agency has the discretion " 'to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it.' " *American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970) (quoting *NLRB v. Monsanto Chem. Co.*, 205 F.2d 763, 764 (8th Cir.1953)). *See also*

*Baumgardner v. Secretary, United States Dep't of Hous. and Urban Dev.*, 960 F.2d 572, 577 (6th Cir.1992).

**4.** In this regard the fact that the statement faithfully recited the language of 40 C.F.R. § 22.27(c) is immaterial. Read out of context, that subsection is equally misleading.

n. 4, as well as in its dismissal of the present appeal, the Board "strongly recommend[ed]" that ALJs inform the parties of the correct appeal filing period or at least cite the appropriate regulatory section. Moreover, the EPA does not argue here that Spitzer was not misled by the ALJ's language.

The EPA emphasizes the fact that the information provided to the petitioner in *BASF* was erroneous, while the ALJ's statement in the present case technically was not. Moreover, the EPA notes that Spitzer was provided a copy of the regulations, was advised to read these regulations, and was represented by counsel. We presume, however, that BASF also was represented by counsel and had access to the pertinent regulations. Given these presumptions, we do not think that it was any more reasonable for BASF to have relied on inaccurate and misleading filing information than it was for Spitzer to have relied on technically accurate but equally deceptive information. In both cases familiarity with the regulations would have overcome the effect of the receipt of misleading information and would have allowed for a timely appeal.

Comparing these two cases, we conclude that the technical accuracy of the information provided by the EPA to Spitzer represents a distinction without a difference. Given the EPA's precedent, we hold that the Board abused its discretion in refusing to regard Spitzer's reliance on the misleading ALJ order as a special circumstance and in refusing to waive strict compliance with the filing deadline. The EPA has not sufficiently justified its departure in this case from its practice of granting waivers in such circumstances. *See Hazime v. INS,* 17 F.3d 136, 140 (6th Cir.) (inexplicable departure from established policy may constitute an abuse of discretion), *cert. de-*

*nied,* 513 U.S. 934, 115 S.Ct. 331, 130 L.Ed.2d 289 (1994); *Puerto Rico Sun Oil Co. v. United States EPA,* 8 F.3d 73, 77 (1st Cir.1993) (inconsistency with past practice can represent arbitrary and capricious conduct); *Michigan v. Thomas,* 805 F.2d 176, 184 (6th Cir.1986) ("administrative agency may reexamine its prior decisions and may depart from its precedents provided the departure is explicitly and rationally justified").[5]

Today's holding is narrow. We simply hold that under EPA precedent it is an abuse of discretion for the agency to dismiss an untimely appeal where the appellant can demonstrate that he relied upon and complied with materially misleading information provided by the agency. Because this holding is narrow, we are not concerned that it impairs the agency's ability to administer its regulations efficiently. We also expect that our holding today will have only limited effect because, as we have noted above, once it realized that its appeal was untimely, Spitzer could have moved for an extension of time to perfect its appeal pursuant to 40 C.F.R. § 22.07(b). It appears to us that the circumstances of this case would constitute excusable neglect and that, had such a motion been made, it should have been granted.

The definition of what constitutes excusable neglect for the purposes of the Federal Rules of Civil Procedure has been liberalized. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395–99, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *United States v. Thompson,* 82 F.3d 700, 702 (6th Cir.1996). The Court determined in *Pioneer* that excusable neglect is an equitable principle and that, in determining whether a party should be granted a reprieve, a court

---

**5.** We do not believe that our decision is undermined by the fact that the Board rejected an untimely appeal in *Production Plated Plastics, Inc.,* 1994 WL 60923. Although the ALJ's order there contained language roughly parallel to the misleading statement in the present case, the petitioner there not only failed to meet the actual filing deadline but also failed to meet the deadline implied by the misleading statement in the order. It was clearly not unreasonable for the Board to reject that appeal.

should consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489. Although EPA cases discussing excusable neglect in the context of 40 C.F.R. § 22.07(b) are infrequent, it appears that the agency would look to the interpretation of the term as it is used in the Federal Rules for guidance. *See Robert Ross & Sons, Inc.,* TSCA Appeal No. 82–4, 1985 WL 57157, at *2 n. 5 (EPA Jan. 28, 1985) (relying on cases interpreting excusable neglect under the Federal Rules).

Spitzer's neglect under this formulation would almost certainly have been excusable. There has been no assertion that the EPA was prejudiced by Spitzer's compliance with the filing deadline implied by the ALJ's order. The delay in Spitzer's appeal, twenty days, was minimal, and, because the order did not become final in the interim and payment had not yet become due, the delay had no impact on the proceedings. Although Spitzer can be faulted for not immediately reading the rules, the delay in filing was substantially caused by the ALJ's misleading directive. Moreover, there has been no suggestion that Spitzer did not rely in good faith on the ALJ's language.

Finally, the EPA has stated that its purposes in adhering strictly to its time limits are, inter alia,

to promote certainty and uniformity in the application of regulatory deadlines; to limit reliance on the infinitely variable "internal operations" of litigants and law firms as determinants of when obligations must be met; to preserve the

Agency's adjudicative resources for litigants who timely exercise their appeal rights; and to ensure that the Agency procedural rules are applied equally to all affected parties.

*Gary Dev. Co.,* 1996 WL 514287, at *3. Far from undermining these principles, we believe that our decision today firmly supports the spirit of these goals. First, despite the EPA's exhortation to its ALJs, orders of inconsistent clarity are currently being promulgated by these officials. We fail to see how strict adherence to deadlines promotes uniformity and limits reliance on law firm internal operations when some litigants receive correct directives from ALJs relating to appeals while others receive misleading directives.[6] Second, we agree that procedural rules should be applied equally and that resources should be directed to litigants who timely file. We are sure, however, that these goals are predicated on an assumption that all litigants begin from an equal starting point. Blind adherence to deadlines with relaxation solely in the case of literal agency error advances these goals only in a technical and ineffectual sense.

### III.  CONCLUSION

For the foregoing reasons, we **REVERSE** the order of the Board and **REMAND** the appeal for disposition on the merits.

RYAN, Circuit Judge, dissenting.

To borrow an expression originally coined, insofar as I know, by our distinguished former colleague, the Honorable Bailey Brown, the court today applies "a little fireside equity" to justify reversing the judgment of the Environmental Appeals Board. The Board's decision to decline to entertain the petitioner Spitzer's request for review was based on an abso-

---

6. Compare the directive provided in *William Myers,* I.F. & R. VII–475C–83P, 1983 WL 31571, at *7 n. 16 (EPA Dec. 23, 1983) ("Unless appealed in accordance with 40 C.F.R. § 22.30 or unless the Administrator elects, sua sponte, to review the same as therein provided, this decision will become the final order of the Administrator as provided in 40 C.F.R. § 22.27(c)."), with the statement of the ALJ in the present case reprinted *supra.*

lutely correct, indeed indisputably correct, application of its own regulations, 40 C.F.R. § 22.30, because the request was filed 20 days too late. But this court reverses the Board's decision upon the following "fireside" reasoning: the Board had discretion to suspend the application of its rules and allow the late filing, and since it did so in another case, albeit in *significantly* different circumstances, it was an abuse of discretion not to do so in this case. That is an understanding of the concept of abuse of discretion with which I am not familiar and, not surprisingly, for which the majority opinion cites no authority.

This court has no authority to disturb the judgment of the Environmental Appeals Board, unless the court is able to say that the Board's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Relying upon that authority, the court holds that the Board abused its discretion in not *sua sponte* "waiving" (that is to say disregarding) the provision of 40 C.F.R. § 22.30(a) which establishes the filing deadline for an appeal from a decision of the Board. The rather convoluted route the majority takes to get there is fully set out in the majority opinion and need not be recounted here. The predicate for the majority's reasoning is language found in the final sentence of the administrative law judge's 16–page opinion and order holding Spitzer liable for a violation of the Environmental Protection Act and imposing a civil penalty of $165,000. The offending sentence is quoted in the majority opinion, but what is not quoted is the single-sentence paragraph that immediately precedes it. Together, the two paragraphs read as follows:

> Failure upon the part of respondent to pay the penalty *within the prescribed statutory time frame after entry of the final order* may result in the assessment of interest on the civil penalty. 31 U.S.C. § 3717; 4 C.F.R. § 102.13.

Pursuant to 40 C.F.R. § 22.27(c), this initial decision *shall become the final order* of the Environmental Appeals Board within forty-five (45) days after its service upon the parties and without further proceeding unless (1) an appeal to the Environmental Appeals Board is taken from it by a party to this proceeding or (2) the Environmental Appeals Board elects, sua sponte, to review this initial decision.

(Emphasis added.)

Only when the two paragraphs are read together, does the significance of the statement in the final paragraph that "this initial decision shall become the final order of the [Board] within forty-five (45) days" become apparent: it tells Spitzer that the 45th day after the initial decision is the time when the clock starts to run for the 60 days ("prescribed statutory time frame") within which it must pay the assessed penalties in order to avoid additional interest penalties.

The majority's view, as I understand it, is that the ALJ's indisputably correct advice as to the date his decision would become a final order, misled and deceived Spitzer, and more than that, established a new "implied deadline" for Spitzer to file its appeal. However, the majority opinion also states that the ALJ's advice to Spitzer was "not technically erroneous" and was "technical[ly] accura[te]."

Spitzer claims it was "misled" by the language of the ALJ's order, because both Spitzer and its counsel were led to believe that the 45–day deadline—the date upon which the ALJ's order would become final—was also the deadline for filing an appeal from the ALJ's order. Nevermind that there is nothing whatever in any of the 16 pages of the ALJ's opinion and order, and particularly nothing in the sentence in question, which speaks to the subject of the deadline for filing an appeal.

Spitzer's claim that it was misled and this court's appellate finding of fact that it was, is particularly unpersuasive in light of

the history of advice given Spitzer, early on in the case, that it should acquaint itself with the Rules of Practice before the EPA.

When the EPA filed its complaint, it sent Spitzer a copy of the agency's Consolidated Rules of Practice, 40 C.F.R. part 22, which explicitly spells out the time within which an appeal from an ALJ decision must be taken in order that it be timely— either 20 or 25 days from the date of the initial decision. And just in case that gratuitous legal advice might not be heeded, the EPA supplied Spitzer with a cover letter advising it to "carefully read and analyze the enclosed Complaint and *Rules of Practice.*" (Emphasis added.) Notwithstanding all this advice, Spitzer and its counsel disregarded the deadline for taking an appeal as stated in 40 C.F.R. § 22.30, and further disregarded the option of moving for an extension of time for filing a notice of appeal as provided for in 40 C.F.R. § 22.07(b).

Confronted with Spitzer's argument that it had been "misled" about the time within which it must take an appeal, the Board exercised its discretion to follow the language of the regulation, rather than waive it, and to hold that Spitzer's appeal was filed out of time, as indeed it was.

The court now declares that it was an abuse of discretion for the Board to apply the deadline as provided in section 22.30 because, in an unrelated earlier case, it exercised its discretion to "waive" the deadline. The earlier case, *In re BASF Corp. Chem. Div.*, 2 E.A.D. 925, 1989 WL 266771 (Oct. 3, 1989), according to my colleagues, is an "EPA[ ] precedent" case in which the Board waived "strict compliance" with the filing deadline established in section 22.30. Therefore, the court holds, since the Board exercised its discretion in *BASF* to "waive strict compliance with the filing deadline," it had no discretion not to do so in this case. The trouble with that reasoning, quite aside from its obvious misunderstanding of the doctrine of "abuse of discretion," is that *BASF* is plainly distinguishable from this case. In *BASF* the ALJ gave patently inaccurate and erroneous advice, stating in a cover letter that a petition for review would be timely if "postmarked" within a 30–day period, even though the rule required actual filing within that period. 1989 WL 266771 at *2 n. 3. In this case, as the majority opinion acknowledges, the ALJ (1) gave no inaccurate or erroneous advice concerning the subject he addressed—the date upon which the ALJ's decision would become a "final order"—and (2) indeed, gave no advice at all concerning the subject addressed in *BASF, i.e.,* the time for filing an appeal. Thus *BASF,* both on the facts involved and the law announced, is distinguishable from this case and is not "an EPA administrative precedent."

But even if *BASF* were a precedent of some sort, it is a strange and novel notion of the doctrine of abuse of discretion that because the Board waived the appeal deadline in *BASF* in which incorrect advice concerning the appeal deadline was given, it has forever after lost its discretion *not* to waive the deadline for filing an appeal in subsequent cases; particularly subsequent cases in which indisputably correct advice is given on a subject having nothing to do with the deadline for filing an appeal.

Today's decision adds to the books another case in which a federal court substitutes its own discretionary judgment for that of an adjudicating administrative agency with which it disagrees, while paying lip service to the law of "abuse of discretion." Of course the court has the "power" to do a little "fireside equity" today, but certainly not the "authority" to do so. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

I would affirm.