RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0026P (6th Cir.)
File Name: 03a0026p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY
and its DIRECTOR, RUSSELL J.
HARDING; THE CHARTER
TOWNSHIP OF UNION,
                    *Petitioners,*

       *v.*

UNITED STATES
ENVIRONMENTAL
PROTECTION AGENCY,
                    *Respondent,*

SAGINAW CHIPPEWA INDIAN
TRIBE OF MICHIGAN,
                    *Intervenor.*

No. 01-3534

On Petition for Review of an Order of
the United States Environmental Protection Agency,
Environmental Appeals Board.
Nos. 0026; 0028.

Argued: October 31, 2002

Decided and Filed: January 23, 2003

Before:  MERRITT and GILMAN, Circuit Judges;
         TARNOW, District Judge.[*]

————————————

**COUNSEL**

**ARGUED:**   John Fordell Leone, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Petitioners. H. Michael Semler, ENVIRONMENT & NATURAL RESOURCE DIVISION, Washington, D.C., for Respondent. Steven G. Thorne, JACOBSON, BUFFALO, SCHOESSLER & MAGNUSON, St. Paul, Minnesota, for Intervenor. **ON BRIEF:**   John Fordell Leone, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, Gordon M. Bloem, Mt. Pleasant, Michigan, for Petitioners. H. Michael Semler, ENVIRONMENT & NATURAL RESOURCE DIVISION, Washington, D.C., for Respondent. Steven G. Thorne, Allison F. Eklund, JACOBSON, BUFFALO, SCHOESSLER & MAGNUSON, St. Paul, Minnesota, for Intervenor.

————————————

**OPINION**

————————————

MERRITT, Circuit Judge.   In this environmental case arising under section 402 of the Federal Water Pollution Control Act, 33 U.S.C. § 1342, the narrow question before us is one of procedural default.  The Environmental Appeals Board held that the Michigan Department of Environmental Quality, a state agency, did not identify with sufficient clarity and specificity its objections to the actions of the Administrator of the Environmental Protection Agency in issuing, under section 402 of the Federal Water Pollution

source.  The APA does not provide a federal court with any independent basis for jurisdiction.  *See Califano v. Sanders*, 430 U.S. 99, 106-07 (1977).  Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established.  *See Dixie Fuel Co. v. Commissioner of Soc. Sec.*, 171 F.3d 1052, 1057 (6th Cir. 1999) (citing *Califano*, 430 U.S. at 107).  As noted above, by virtue of our jurisdiction under § 1369(b),  the petitioners had their chance for judicial review of these same interlocutory actions.  *See* 5 U.S.C. § 704.  That chance was procedurally defaulted at the administrative appeals level when Michigan failed to meet its burden under 40 C.F.R. § 124.19(a).

The petition for review is DENIED.

————————————

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

simply repackaged its comments and the EPA's response as unmediated appendices to its petition to the Board. This does not satisfy the burden of showing entitlement to review. Although the EPA "has the discretion to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it," *Spitzer*, 173 F.3d at 415 n.3, its decision not to relax or modify its rule in this case was not an abuse of discretion. Nor can we agree with petitioners' contention that the Board's rule that the unmediated resubmission of comments and subsequent responses will not satisfy § 123.19(a) is "hidden." The rule has been stated and restated throughout Board decisions. As a result, we will not review on the merits the petitioners' challenge to the EPA's authority to issue the permit, both as a matter of final permit action or as a matter of interlocutory procedural action reviewable only upon review of the final agency action under § 1369(b)(1)(F). *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.").

The petitioners contend that, quite apart from its exclusive jurisdiction to review the EPA's final federal permit decision under § 1369(b)(1)(F), this Court has jurisdiction to review *de novo* the interlocutory procedures used by the EPA to halt the issuance of proposed *state* permits for two facilities on the Isabella Reservation. Acknowledging that the Board had no jurisdiction to review a challenge to the interlocutory action insofar as it was a part of *state* permit proceedings,[4] the petitioners nevertheless contend that their challenge to the interlocutory *state* permit action is now "ripe" for this Court's *de novo* review under §§ 701-706 of the APA. We reject this contention. Our jurisdiction over this appeal comes from the specifically enumerated grounds in § 1369(b)(1) and no other

---

[4] The Board is authorized to review EPA action only with respect to the issuance or denial of federal permits. *See* 40 C.F.R. § 124.15.

Control Act, 33 U.S.C. § 1342, a National Pollutant Discharge Elimination System permit to a wastewater treatment facility located on the Saginaw Chippewa Isabella Reservation. The underlying question on the merits is whether the State of Michigan or the EPA is the appropriate authority to issue discharge permits on the Isabella Reservation.[1] Apart from the question of procedural default, the petitioners assert that there exists an independent jurisdictional basis for this Court to reach the merits by reviewing the EPA's interlocutory actions relating to Michigan's proposed permit for the same facility.

The Environmental Appeals Board has the authority to enforce rules of procedural regularity in cases before it. One such rule is found at 40 C.F.R. § 124.19 of the EPA's regulations and governs the content of petitions to obtain Board review of decisions of the Administrator. That rule provides that the petition must "show" that the challenged actions of the Regional Director were based on a "finding of fact or conclusion of law which is clearly erroneous" or the "exercise of discretion or important policy consideration" that should, in the Board's discretion, be reviewed.[2] In the present

---

[1] *See* 40 C.F.R. § 123.1(h). That subsection provides:

> In many cases, States (other than Indian Tribes) will lack authority to regulate activities on Indian lands. This lack of authority does not impair that State's ability to obtain full program approval in accordance with this part, i.e., inability of a State to regulate activities on Indian lands does not constitute a partial program. EPA will administer the program on Indian lands if a State (or Indian Tribe) does not seek or have authority to regulate activities on Indian lands.

[2] Section 124.19 provides, in relevant part:

> The petition shall include a statement of the reasons supporting that review, including a demonstration that any issues being raised were raised during the public comment period (including any public hearing) to the extent required and when appropriate,

case, the Board dismissed Michigan's petition for failure to comply with this rule.  We have jurisdiction to review the EPA's final permitting decision under 33 U.S.C. § 1369(b)(1)(F), and will overturn the Board's ruling only if it was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" under § 706(2)(A) of the APA.  *See Spitzer v. Great Lakes Ltd. v. EPA*, 173 F.3d 412, 414 (6th Cir. 1999).

The Board has consistently held that a petitioner must satisfy the pleading requirements set out in the regulation in order to meet its burden of showing that review is warranted:

The preamble to § 124.19 states that the Board's power of review "should be only sparingly exercised," and that "most permit conditions should be finally determined at the Regional level * * *."  45 Fed. Reg. 33,412 (May 19, 1980).  The burden of demonstrating that review is warranted rests with the petitioner who challenges the Region's permit decision.

Further, a petition for review must include "a statement of the reasons supporting that review, including a demonstration that any issues being raised were raised during the public comment period * * *."  The Board has explained that in order to establish that review of a permit is warranted, § 124.19(a) requires a petitioner to both state the objections to the permit that are being raised for review, and to explain why the Region's previous response to those objections (i.e., the Region's

basis for the decision) is clearly erroneous or otherwise warrants review.

*In re Puerto Rico Elec. Power Auth.*, 1995 EPA App. LEXIS 38, at *5-7, 6 E.A.D. 253, 255 (EAB 1995) (citations omitted).[3]  In Michigan's four-and-a-half page petition before the Board, Michigan purported to satisfy its burden under § 124.19(a) by declaring that the agency's actions were unauthorized and by referring the Board to two appendices.  These contained the EPA's final discharge permit for the wastewater treatment facility, Michigan's comments objecting to the proposed EPA permit along with the original attachments to the comments, and the EPA's detailed responses to comments.  The Board denied the petition, citing several Board decisions for its specific rule that a petitioner may not simply restate or refer to its original comments in order to be granted review.  *See, e.g., In re SEI Birchwood, Inc.*, 1994 EPA App. LEXIS 31, at *6, 5 E.A.D. 25 (EAB) (petition denied when it simply restated comments without explaining why the EPA's response was inadequate); *In re Genesee Power Station*, 1993 EPA App. LEXIS 23, at *79-80, 4 E.A.D. 832 (EAB) ("[T]he inclusion of a copy of the Society's public comments on the draft permit [do not] meet the requirements of Section 124.19(a).").

We hold that the Board's interpretation and application of § 124.19 (a) in this case was not an abuse of discretion. Instead of explaining to the Board why the Region's detailed responses to its comments were clearly erroneous, Michigan

---

a showing that the condition in question is based on:

(1)  A finding of fact or conclusion of law which is clearly erroneous, or
(2)  An exercise of discretion or an important policy consideration which the Environmental Appeals Board should, in its discretion, review.

40 C.F.R. § 124.19(a)(1)-(2).

---

[3]The Board has consistently applied this rule in denying petitions for review. *See, e.g., In re LCP Chems. – New York*, 1993 EPA App. LEXIS 15, at *8-9, 12 & n.8, 4 E.A.D. 661 (EAB 1993) (review denied for failure to identify specific conditions of permit challenged on appeal); *In re Adcom Wire*, 1992 EPA App. 31, at *17-19, 4 E.A.D. 221, 228-29 (EAB 1992), *remanded in part*, 1994 EPA App. LEXIS 16, 5 E.A.D. 84 (EAB), *and clarified*, 1994 EPA App. LEXIS 28 (EAB) (review denied for failure to satisfy procedural requirements for appealing substantive conditions of permit).