**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0123n.06
Filed: February 12, 2009

No. 08-3049

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ROBERT B. LeBLANC & JOAN S. LeBLANC,

    Petitioners,

       v.

ENVIRONMENTAL PROTECTION AGENCY,

    Respondent.

On Petition for Review of a
Final Agency Action

_____/

**Before:    GUY and GRIFFIN, Circuit Judges; WATSON, District Judge.**[*]

    **MICHAEL H. WATSON, District Judge.**    Plaintiffs seek judicial review of the final agency action taken by the Environmental Protection Agency ("EPA"), Region V ("Region 5") to issue an underground injection control ("UIC") permit to Core Energy, LLC ("Core Energy" or "permittee"). Because the EPA and the Environmental Appeals Board ("Board") properly followed all statutorily mandated procedures in issuing the UIC permit to Core Energy and the Board correctly determined that the LeBlancs failed to satisfy the requirements for Board review, we deny the relief sought under the petition for review.

**I.**

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

The Safe Drinking Water Act ("SDWA") requires the EPA to regulate the underground injection of fluids through wells to protect the quality of underground sources of drinking water ("USDW"). SDWA, 42 U.S.C. 300f, *et seq*. This is achieved by issuing permits for underground injection wells. Under Part C of the SDWA, enacted for the purpose of protecting groundwater, the EPA is required to establish a regulatory program to prevent underground injections that endanger drinking water sources. 42 U.S.C. §300h(b). The SDWA directs the EPA to promulgate requirements for UIC programs; however, in states where the EPA has not approved a state UIC program, the EPA implements its own regulations for that state's UIC program. In this case, the state of Michigan does not have an approved state UIC program, so the EPA implements its own regulations for the UIC program.

The UIC well permitting process involves significant procedures detailing the requirements for each step of the process from the draft permit to the public notice and comment period to the final permit decision to the appeal to the Board. 40 C.F.R. §§ 124.3-19. A person who contests any condition of the draft permit must raise all "reasonably ascertainable" issues during the comment period. 40 C.F.R. § 124.13. If a final permit is issued, 40 C.F.R. § 124.15, a person who submitted comments is notified of the permit. 40 C.F.R. § 124.17. To obtain review by the Board, a petitioner is required to show the permit is based on "a finding of fact or conclusion of law which is clearly erroneous" or rests on "an exercise of discretion or an important policy consideration which the Environmental Appeals Board should, in its discretion, review." 40 C.F.R. § 124.19(a)(1)-(2).

Core Energy, as part of the Midwest Regional Carbon Sequestration Partnership, applied for a Class V injection well permit to operate a limited test of carbon dioxide ("CO2") sequestration into underground rock formations (a developing technology known as carbon sequestration). On July 23, 2007, a public notice was issued by Region 5 of the EPA notifying the public at large of a proposed plan to allow Core Energy a Class V UIC well permit for the testing of CO2 in underground rock formations in Otsego County, Michigan. The public notice informed citizens of the public comment period in which written comments and requests for a public hearing could be sent to Region 5.

The proposed testing site was a parcel of land adjacent to the plaintiffs-petitioners', Robert B. LeBlanc and Joan S. LeBlanc (hereinafter "plaintiffs" or "petitioners" or "the LeBlancs"), property. Robert and Joan LeBlanc are husband and wife, *pro se* litigants, and both residents of 9300 Island Drive, Grosse Ile, Michigan. The LeBlancs responded to the notice by mailing comments in a letter dated August 14, 2007, objecting to the proposed permit and requesting a public hearing. The crux of the plaintiffs' objections to the well is that possible problems with the safety and storage of CO2 could result in "plume migration" and possible subsurface trespass. The plaintiffs point out that a well permit does not convey any property rights nor the right to injure property or persons, 40 C.F.R. § 144.35(b)-(c),[1] yet the possible subsurface trespass results in a taking of their private property for private use.

_____

[1] The effect of an UIC "permit does not convey any property rights of any sort . . . nor does it authorize any injury to persons or property or invasion of other rights, or any infringement of State or local law or regulations." 40 C.F.R. § 144.35(b)-(c).

In a letter dated August 23, 2007, the Chief of the Direct Implementation Section of Region 5 responded to the LeBlancs' letter to notify them that Region 5 "did not receive enough public comments to warrant a public hearing, and no issues have been raised which indicate the draft permit violated any federal [underground injection control] requirement." The letter also notified the LeBlancs that Region 5 issued a final permit for the well and that the LeBlancs could petition the Board to review any condition of the final permit decision. The letter also set forth the requirements for such a petition to the Board.

The LeBlancs subsequently filed an appeal ("petition for review") which the Board received on September 21, 2007. In their petition for review, the LeBlancs stated the key issues before the Board were the "matter of liability . . . i.e., no adequate policy exists defining the roles and financial responsibilities of the industry and government" ("liability issue"), and adverse possession in that CO2 injection violates property rights of adjacent landowners under whose land the CO2 sequestration will occur ("property right issue"). Furthermore the LeBlancs suggested the liability and property right issues are important policy considerations the Board should review.

Region 5 responded to the petition for review arguing that the LeBlancs waived the liability issue by failing to properly raise it during the comment period therefore waiving the liability issue and that the Board lacked authority to resolve the LeBlancs' property right concerns. Furthermore Region 5 argued both issues were beyond the scope of what Region 5 could consider in determining whether to issue a UIC permit.

The Board then denied the LeBlancs' petition for review. The Board stated the UIC permitting process is narrow in its focus and review of UIC permit decisions extends only to the boundaries of the UIC permitting program itself, with its SDWA protection of underground sources of drinking water. The Board stated:

> "[it] is only authorized to review UIC permit conditions to the extent that they affect a well's compliance with the SDWA and applicable UIC regulations. Accordingly, where petitioners raise concerns outside the scope of the UIC program, the [Board] will deny review."

Furthermore, the Board explained it does not grant review unless the petition demonstrates the permit is based on a clearly erroneous finding of fact or conclusion of law, or involves an exercise of discretion that warrants Board's review. The Board ruled the LeBlancs had not demonstrated a review of the permit was warranted. Since the LeBlancs failed to mention the liability issue in their comments and the issue was reasonably ascertainable, the Board found the LeBlancs waived consideration of the liability issue. The Board went on to hold that although the LeBlancs had raised the property right issue during the comment period, the LeBlancs failed to make even a minimal demonstration as to why Region 5's response to their comment was clearly erroneous or otherwise warranted review as required by 40 C.F.R. § 124.19(a)(1)-(2).

The LeBlancs then filed a motion for reconsideration of the Board's order reiterating their property rights issue for subsurface trespass. The Board, however, denied the motion for reconsideration, finding that the LeBlancs still failed to indicate how Region 5's response to the property right issue is clearly erroneous and also failed to establish that the Board's

previous order resulted from a demonstrable error of fact or law. This petition for review followed.

## II.

### A. Standard of Review

Pursuant to the Federal Administrative Procedure Act ("APA"), a court can hold unlawful and set aside a final agency action if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). *See also Michigan Dept. of Envtl. Quality v. U.S. E.P.A.*, 318 F.3d 705, 707 (6th Cir. 2003). A final agency action is subject to a deferential standard of judicial review under the APA. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Northeast Ohio Regional Sewer Dist. v. U.S. E.P.A.*, 411 F.3d 726, 731 (6th Cir. 2005). In considering whether an agency action was arbitrary and capricious, a "court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)).

### B. Denial of Review by the Board

This petition for judicial review of a final agency action turns on whether the Board correctly determined that the LeBlancs failed to satisfy the requirements for Board review. The Board's order denying the LeBlancs' petition for review is a final agency action by the EPA under the SDWA.  40 C.F.R. §124.19(f)(1)(i).

In their petition for review, the petitioners allege the permit violates their property rights as adjacent land owners and the possibility of subsurface trespass creates an unresolved issue of liability.  Respondent contends that the actions of issuing the permit are reasonable and the other claims raised by petitioners are outside the scope of this Court's review, which is limited to reviewing the Board's denial of the petition for review.

The Board has the authority to enforce rules of procedural regularity in cases before it.  *Michigan Dept. of Envtl. Quality*, 318 F.3d at 707.  Precedent from the Board holds that a petitioner bears the burden of demonstrating that review is warranted and the petitioner must satisfy the pleading requirements set out in the regulations in order to meet this burden. *Id*.  A party seeking review by the Board must submit a statement of the reasons supporting the review, including:

> a demonstration that any issues being raised were raised during the public comment period (including any public hearing) to the extent required by these regulations and when appropriate, a showing that the condition in question is based on:
> (1) A finding of fact or conclusion of law which is clearly erroneous, or
> (2) An exercise of discretion or an important policy consideration which the Environmental Appeals Board should, in its discretion, review.

40 C.F.R. § 124.19(a)(1)-(2).

In the present case, the Board dismissed the LeBlancs' petition for failure to comply with this rule. We have jurisdiction to review the Board's order as a final agency action[2] by the EPA under the SDWA pursuant to 42 U.S.C. §300j-7(a)(2), and "will only overturn the [Environmental Appeals] Board's ruling if 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Spitzer Great Lakes Ltd., Co. v. U.S. E.P.A.*, 173 F.3d 412, 414 (6th Cir. 1999) (citation omitted). *See also* 5 U.S.C. § 706(2)(A); *Michigan Dept. of Envtl. Quality v. Browner*, 230 F.3d 181, 183 n.1 (6th Cir. 2000) (noting that an argument petitioners failed to sufficiently raise during a comment period is waived for purposes of appellate review).

In their three-page petition before the Board, the LeBlancs raised the issue of liability for the first time and reiterated their concerns over subsurface property rights and adverse possession. The Board denied the petition, finding: (1) the LeBlancs waived consideration of the liability issue by failing to mention it in their comments despite the fact the issue was reasonably ascertainable, and; (2) although the LeBlancs had raised the property right issue during the comment period, the LeBlancs failed to make even a minimal demonstration as to why Region 5's response to their comment was clearly erroneous or otherwise warranted review even under a liberal reading in deference to the *pro se* petitioners. The Board cited several Board decisions for the specific rule that a petitioner must raise issues that are

---

[2]40 C.F.R. §124.19(f)(1)(i): For purposes of judicial review under the appropriate Act, final agency action occurs when a final . . . UIC . . . permit decision is issued by EPA and agency review procedures under this section are exhausted. A final permit decision shall be issued by the Regional Administrator:
(i) When the Environmental Appeals Board issues notice to the parties that review has been denied.

reasonably ascertainable during the public comment period in order to preserve the issue for review by the Board, *see In re BP Cherry Point*, 12 E.A.D. 209, 218-20 (EAB 2005), and such issue must be raised with a reasonable degree of clarity and specificity during the comment period in order for the issue to be considered by the Board on appeal. *See, e.g. In re New England Plating*, 9 E.A.D. 726, 732 (EAB 2001) (petition denied when issue was reasonably ascertainable but not raised during public comment period and thus EPA was denied fair opportunity to respond). The Board also cited several Board decisions for its specific rule that a petitioner may not simply restate its original comments in order to be granted review without demonstrating why the Region's response was clearly erroneous or otherwise warranted review. *See, e.g., In re Newmont Nev. Energy Inv., L.L.C.*, 12 E.A.D. 429, 472 (EAB 2005).

We hold that the Board's interpretation and application of its procedural rules, specifically 40 C.F.R. § 124.19(a)(1)-(2), was not an abuse of discretion nor arbitrary and capricious. The Board correctly determined that the petitioners did not preserve the liability issue because they failed to mention it in their comments and that the issue was reasonably ascertainable. In reviewing the comments the LeBlancs submitted to Region 5, there is no mention of liability. Hence, the LeBlancs failed to preserve the liability issue. With regard to the property issue, the LeBlancs merely restated their grievances regarding subsurface and mineral property rights without offering any reasons why the Region's responses were clearly erroneous or otherwise warranted review. The LeBlancs procedurally defaulted and failed to meet their burden under 40 C.F.R. § 124.19(a)(1)-(2).

**C. New Arguments Advanced by Petitioner before this Court are Improper**

In their briefs before this Court, the LeBlancs advance several arguments outside the scope of the appeal[3] and never previously presented to the Board. The Board's review of an EPA-issued permit decision extends to the boundaries of the UIC permitting program itself, with its SDWA-directed focus on the protection of USDWs, and no farther. *See, e.g., In re Am. Soda, L.L.P.*, 9 E.A.D. 280, 286 (EAB 2000) ("the SDWA and the UIC regulations authorize the Board to review UIC permitting decisions only as they affect a well's compliance with the SDWA and applicable UIC regulations"); *In re NE Hub Partners*, *L.P.*, 7 E.A.D. 561, 567 (EAB 1998) ("protection of interests outside of the UIC program [is] beyond our authority to review in the context of [a UIC] case"), *review denied sub nom. Penn Fuel Gas, Inc. v. U.S. EPA*, 185 F.3d 862 (3d Cir. 1999); *In re Federated Oil & Gas of Traverse City, Michigan*, 6 E.A.D. 722, 725-26 (EAB 1997). A reviewing court may not consider arguments that were not previously raised before an administrative agency under the doctrine of issue exhaustion or the administrative waiver doctrine. *See e.g., U.S. v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) (stating that "simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not

---

[3]The LeBlancs repeatedly assert in their Petitions before this Court that they have "already proven their case against the State and the State Actors in U.S. District Court." *See, e.g.*, Pet.'s Pet. For Judicial Review, p.17. The LeBlancs are referring to another case they have before this Court (Case No. 07-2095) stemming from an appeal of a case from the U.S. District Court for the Eastern District of Michigan in front of the Honorable Gerald Rosen. Petitioners repeatedly invite this Court to construe their arguments they have put forth in that separate case into this case. The Court declines to do so and will address only the issues properly brought before it.

only has erred but has erred against objection made at the time appropriate under its practice"); *Kentucky Utilities Co. v. U.S. F.E.R.C.*, 766 F.2d 239 (6th Cir. 1985) (reiterating that judicial review of any issue not particularized in objections submitted to the agency is simply not available).

Accordingly, the Court will not consider nor address the LeBlancs' various other arguments asserted for the first time in this appeal.

**III.**

Concluding that the LeBlancs failed to satisfy the requirements for Board review, we **DENY** the relief sought under the petition for review.