**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0868n.06

No. 11-5431

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 09, 2012**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANTHONY D. WILSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| UNITED STATES AIR FORCE, a | ) | |
| governmental division of the United States of | ) | |
| America, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  BOGGS, GILMAN, and DONALD, Circuit Judges.

PER CURIAM.

Anthony D. Wilson, an attorney proceeding *pro se*, appeals the district court's judgment in favor of the United States Air Force in this action for judicial review of a final decision of the Air Force Board for Correction of Military Records (AFBCMR).  For the following reasons, we affirm.

Wilson served as a deputy staff judge advocate in the Connecticut Air National Guard (CTANG) from June 2001 until his resignation in May 2004.  Wilson's duties included advising and representing CTANG members in administrative-discharge actions.  In March 2002, two of Wilson's clients requested new counsel.  Their requests for new counsel along with other performance issues led Wilson's supervisor to issue him a negative officer-performance report.

In August 2005, Wilson submitted an application with the AFBCMR, seeking a change in his date of rank to the grade of captain to reflect March 2002, when he claimed that his name should

have been submitted to the promotion board. The AFBCMR denied the application, finding that Wilson had "failed to sustain his burden of having suffered either an error or injustice." In November 2007, Wilson submitted another application, which the AFBCMR treated as a request for reconsideration. The AFBCMR denied the request.

While his second application was pending before the AFBCMR, Wilson filed the instant action in the district court. After some claims were dismissed and Wilson amended his complaint, his appeal of the AFBCMR's final decision, pursuant to 10 U.S.C. § 1552 and the Administrative Procedure Act, 5 U.S.C. § 702, remained. Concluding that the AFBCMR's decision was supported by substantial evidence, the district court granted the Air Force's motion for summary judgment and denied Wilson's motion for partial summary judgment. Wilson filed a motion to alter or amend judgment, which the district court denied. This timely appeal followed.

"[W]e review the district court's summary judgment decision *de novo*, while applying the appropriate standard of review to the agency's decision." *Sierra Club v. Slater*, 120 F.3d 623, 632 (6th Cir. 1997) (internal quotation marks omitted). The AFBCMR's "decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983) (holding that Board for the Correction of Naval Records decision was reviewable under arbitrary-and-capricious standard).

On appeal, Wilson does not challenge the district court's conclusion that the AFBCMR's final decision was supported by substantial evidence. Instead, Wilson argues that the district court erred in rejecting his substantive-due-process claim. In his motion for partial summary judgment, Wilson asserted that the Air Force violated his substantive-due-process rights by taking adverse action against him for refusing to reveal client confidences or attorney-client privileged information

to his military superiors when he was questioned following his clients' requests for new counsel. The district court held that Wilson's complaint, and the amendments thereto, failed to allege a due-process claim and that amendment of the complaint to add such a claim would be futile because he failed to exhaust his due-process argument before the AFBCMR and because he failed to assert the violation of a constitutionally protected right.

Regardless of whether Wilson exhausted his due-process argument before the AFBCMR or alleged a due-process claim in his complaint, the district court properly declined to recognize a substantive-due-process right to refuse to reveal client confidences or attorney-client privileged information. Wilson acknowledges that no court has recognized such a substantive-due-process right, *see* Appellant's Br. 24 ("Plaintiff spent considerable time looking for a singular U.S. case specifically and clearly stating that an attorney has a fundamental, [substantive due process] right to assert client confidentiality without fear of adverse action from the state. He did not find one."), and merely cites *Berd v. Lovelace*, (1577) 21 Eng. Rep. 33 (Ch.), the earliest decision addressing the attorney-client privilege. We reject Wilson's invitation to create a new substantive-due-process right. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) ("As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.").

Wilson also argues that the district court erred in failing to consider various legal issues vital to his claim. Most of the issues that Wilson identifies involve the ethical and procedural propriety of his negative officer-performance report—issues addressed by the district court in finding that the AFBCMR had considered his arguments and properly rejected them based on substantial evidence in the record. Again, Wilson does not challenge the district court's determination that the

AFBCMR's final decision was based on substantial evidence. Thus, the district court properly declined to address the other issues that Wilson raised that were beyond the scope of the matters presented to the AFBCMR. *LeBlanc v. EPA*, 310 F. App'x 770, 776 (6th Cir. 2009) ("A reviewing court may not consider arguments that were not previously raised before an administrative agency under the doctrine of issue exhaustion or the administrative waiver doctrine." (citing *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37 (1952)).

Accordingly, we AFFIRM the district court's judgment in favor of the Air Force.